Lewis *v.* S. M. Byers Motor Company et al.,
Appellant.

Argued April 20, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Rufus S. Marriner,* of *Marriner, Wiley and Wiley,* for appellant.

*Thomas L. Anderson,* for appellee.

OPINION BY DREW, J., July 8, 1931:

Florence S. Lewis filed a claim for workmen's compensation on behalf of herself and her minor daughter, for the death of her husband, Franklin Harry Lewis, on March 13, 1928.

It appears that the S. M. Byers Motor Car Company and J. N. Hazlett were separately engaged in the wholesale gasoline business in Washington, Pennsylvania, in the course of which they bought different grades of gasoline from each other. The former was engaged also in the selling of automobile trucks, and several days prior to the accident here involved, S. M. Byers, its president and general manager, entered into negotiations with Hazlett for the sale of a used gasoline truck. An agreement was reached whereby Byers was to furnish the truck and a driver to Hazlett to be used by the latter in his business for the period of one week for the purpose of demonstrating that the truck was capable of doing the work for which it was required. If satisfactory, it was to cost Hazlett only the sale price agreed upon; but if unsatisfactory, he need not purchase it, in which event he was to pay $10

a day for its use. Byers had no driver whom he could then spare and Hazlett, with Byers' consent, secured Lewis and sent him to Byers. After satisfying himself that Lewis was a competent driver, Byers informed him that he was in the employ of the Byers Company for the week and would receive as wages $3 a day, but that by special arrangement, he was to work for Hazlett for that week. Lewis then left the garage with the truck. On the following day, while unloading gasoline from the truck into a tank in making a delivery to a retail customer of Hazlett at the Minor Garage, West Waynesburg, Pennsylvania, some of the gasoline escaped, caught fire, and resulted in an explosion in which Lewis was severely burned, dying shortly thereafter. The sale of the truck to Hazlett was nevertheless carried out before the end of the week, although it was not turned over to him until sometime afterward as it became necessary to recondition it due to damages it received in the explosion and fire.

The claim petition was filed against both the S. M. Byers Motor Car Company (whose insurance carrier, the Hartford Accident & Indemnity Company, was permitted to intervene as a party defendant) and Hazlett, appellant. It was conceded that deceased had met with a compensable death under the Workmen's Compensation Act of 1915 and its amendments, and the single question before the compensation authorities and the lower court, and the only one upon which we now have to pass, is which one of the defendants was the employer of Lewis at the time of the fatal accident. The referee, in making an award to claimants, found as a fact that Hazlett was the employer and this finding was sustained by the Workmen's Compensation Board and by the lower court. This appeal followed.

In reviewing such a finding of fact we are limited to such consideration of the record as will enable us to determine whether there is sufficient competent evi-

dence to support the finding, and if the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Vorbnoff v. Mesta Machine Co., 286 Pa. 199. If so, we are bound thereby: Slemba v. Hamilton & Sons, 290 Pa. 267. In holding that appellant was deceased's employer, the compensation authorities and the lower court followed Robson v. Martin, 291 Pa. 426 and, a line of cases there cited, to which we shall later refer. In that case a farmer, not engaged in the truckage business, "hired out" to a contractor a truck and driver to aid in construction work. The contractor had complete control of the driver and could discharge him and the truck from service, and under these circumstances it was held that he was the employer and liable as such to pay compensation for the death of the employee, notwithstanding the latter was being paid his wages by the owner of the truck. It was there said: "The test is whether the truck and driver are engaged to work for the hirer on the undertaking during the course of which the accident occurs, and remains subject to his direction and control independent of the original employer. If so, the temporary hirer becomes the master as to the one who is for the time being his servant, and assumes the attendant responsibility. On the other hand, if it appears that the owner of the truck is engaged to execute certain work, proceeding in his own way, merely effecting a directed result, the contrary is true."

In deciding that the present case falls under the first of these classifications it seems to us that the compensation board and the learned court below fell into error, caused by failure to properly interpret the facts that the truck here was being demonstrated to further its sale by a truck dealer (which sale actually resulted) and that said dealer retained control over the driver and could have discharged him. A proper interpre-

tation of these facts shows clearly that the present case falls under the second classification and not the first.

The cases cited in Robson v. Martin, supra, (Puhlman v. Excelsior Cab Co., 259 Pa. 393; Tarr v. Hecla Coal & Coke Co., 265 Pa. 519; Atherholt v. Stoddart Co., 286 Pa. 278 and Sgattone v. Gotwals, 290 Pa. 341) all deal with the loan or hire of an employee by a general employer to another for the purpose of doing some particular work, and the governing principle running through them is quoted thus in Puhlman v. Excelsior Cab Co., supra: "'Where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him. ...... The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired."

This rule, announced in many cases, is too well established to admit of dispute. Where a master lends or hires his servant to another to be engaged in the business of other persons, subject to their directions and control, the servant becomes the servant of the new master though he is paid by the old master: Scheel v. Shaw, 60 Pa. Superior Ct. 73. But this is not the situation in the present case. Here, under the testimony, we have a dealer in motor trucks, who, in accordance with his usual custom, furnished to appellant a truck and driver for demonstration purposes. The dealer hired the driver at a specific wage, and, although this is not the determining factor of employment (see cases last cited) it is to be considered with the other evidence. This was done for the purpose of furthering the sale of the truck, title to which was in the dealer under whose license plates and owner's card the

truck was operated. Said dealer furnished the fuel, treated the driver as his employee, and, although the prospective purchaser could and did direct where the truck was to go, the dealer retained control of the driver as to the manner in which the truck was operated, not merely with respect to the actual driving, but also with respect to such matters as loading and unloading, all of which were necessary parts of the demonstration of the gasoline truck, and it was during the very act of performing the latter operation that this unfortunate accident occurred. The dealer also could discharge the driver at any time. As the vital question in all cases of this kind is: who had the control of the one injured at the time of the accident? (Byrne v. Hitner's Sons Co., 290 Pa. 225; Persing v. Citizens Traction Co., 294 Pa. 230) we must conclude that the dealer, the Byers Company, had such control and therefore bore the relation of employer to deceased.

The case is similar to those in which the owner of a truck or automobile "hires it out" as part of his business, furnishing gas, oil, accessories, and a driver who is under the control of said owner and cannot be discharged by the bailee who has no authority over him, except to direct where he shall go. In these cases it is held that, in the absence of interference on the part of the bailee, the owner remains the employer of the driver and may be held responsible as such: Matlack v. Chalfant, 69 Pa. Superior Ct. 49; Funston v. Ingenito, 282 Pa. 124; Lang v. Hanlon, 302 Pa. 173. (See also Wollaston v. Park, 47 Pa. Superior Ct. 90; Thatcher v. Pierce, 281 Pa. 16; Connor v. McCandless, 84 Pa. Superior Ct. 307.)

The judgment is reversed and it is ordered that judgment be entered in favor of Florence S. Lewis against S. M. Byers Motor Car Company for the amount found to be due her by the referee as compensation.