Venezia, Appellant, *v.* Philadelphia
Electric Company.

Argued January 17, 1935. Before FRAZER, C. J., SIMP-
SON, DREW and LINN, JJ.

*J. Paul Erwin,* for appellant.

*John P. Connelly,* for appellee.

Opinion by Mr. Justice Drew, February 4, 1935:

Was plaintiff an employee of defendant when he was injured on June 2, 1931? The trial judge held that he was and that he therefore could not maintain this common-law action for damages, and accordingly entered a nonsuit, which the court in banc refused to take off. Plaintiff appealed.

Viewed in the light most favorable to plaintiff, as it must be, the evidence discloses the following facts: For about five years prior to the date of the accident plaintiff had been engaged to do common labor by Anthony Tinaglia, a labor contractor. Shortly before the accident, Tinaglia furnished plaintiff and other laborers to defendant to dig a trench for a gas main, under a written contract with defendant by which he was to "furnish necessary labor for ditch excavation . . . when, if, and as required during the year 1931." While so engaged, plaintiff was injured by the blowing out of a gas pipe and valve belonging to defendant. Plaintiff admitted that in addition to the laborers furnished by Tinaglia there were other laborers on the job "belonging to the company," some of whom "were also digging the ditch, and others were laying the pipe," and that defendant had a foreman, or foremen, on the ground, "directing the work." He stated that Tinaglia had a "boss on the job," but the only activities of the latter were that he told the men what job they were to go to, kept their time, and looked around the work to see if they were present. Tinaglia paid the laborers furnished by him, receiving from defendant, under his contract, the amount of his payroll plus ten per cent.

If plaintiff was at the time of the accident an employee of defendant, then the Workmen's Compensation Act of June 2, 1915, P. L. 736, furnished the exclusive method of securing compensation for his injury, and an action in trespass would not lie: Campagna v. Ziskind, 287 Pa. 403; Persing v. Citizens Traction Co., 294 Pa. 230. As used in that act, the terms "employer" and "employee" are synonymous with "master" and "servant" (sections 103 and 104), and if plaintiff was at the time of the accident the servant of defendant he was also its employee: Persing v. Citizens Traction Co., supra; see Smith v. State Workmen's Ins. Fund, 262 Pa. 286.

The vital test in determining whether the workmen furnished by Tinaglia were servants of defendant is whether they were subject to its control or right of control not only with regard to the work to be done but also with regard to their manner of performing it: Byrne v. Hitner's Sons Co., 290 Pa. 225; Robson v. Martin, 291 Pa. 426; Persing v. Citizens Traction Co., supra; Gordon v. Byers Motor Car Co., 309 Pa. 453; Lewis v. Byers Motor Car Co., 102 Pa. Superior Ct. 434. The payment of wages is not a decisive factor (Sgattone v. Mulholland & Gotwals, Inc., 290 Pa. 341; Robson v. Martin, supra; Persing v. Citizens Traction Co., supra); section 104 of the act, in stating that the term "employee" includes those who perform services for another "for a valuable consideration," does not specify that any particular person shall pay this consideration (see Atherholt, v. William Stoddart Co., 286 Pa. 278), and one may be the servant and employee of another, though hired and paid by a third person: Atherholt v. William Stoddart Co., supra; Lecker v. Valentine, 286 Pa. 418; Sgattone v. Mulholland & Gotwals, Inc., supra; Robson v. Martin, supra; Persing v. Citizens Traction Co., supra.

In the instant case, the arrangement between defendant and Tinaglia shows that the latter was merely to "furnish labor" to defendant for excavating ditches. The contract was not to dig ditches, but merely to furnish

labor for digging ditches. Plaintiff averred in his statement of claim that Tinaglia was an independent contractor for the digging of the ditch, but he completely failed to prove this allegation. His own evidence and the written contract show that when the laborers were furnished they became subject to defendant's control in the same manner and to the same extent as if they had been hired directly by it. While plaintiff stated that Tinaglia had a "boss on the job," he admitted that his activities were confined to seeing that the men were on hand and checking the time they worked, which is far from indicating that he had any control or right of control over them as to the manner in which they did their work. On the other hand, plaintiff admitted that defendant had a foreman, or foremen, on the ground, "directing the work," and that in addition to the men furnished by Tinaglia there were other men there "belonging to the company," some of whom were "also digging the ditch, and others were laying the pipe." Plaintiff's own testimony shows conclusively that he was a servant and therefore an employee of defendant, and the court below therefore acted properly in entering a nonsuit on the ground that he could not maintain an action of trespass for his injury, his sole remedy being that provided by the Workmen's Compensation Act.

Plaintiff relies strongly on Brooks v. Buckley & Banks, 291 Pa. 1, as requiring a contrary holding. In that case, however, we found that the labor contractor retained "ultimate control of the workman's manner of doing each particular step in the work," as is pointed out in our comments on the case in Robson v. Martin, supra, and Persing v. Citizens Traction Co., supra. In the instant case defendant had control not only over the work to be done but also over the workmen's manner of performing it.

Judgment affirmed.

Mr. Justice SIMPSON concurred in the result.

Mr. Justice KEPHART and Mr. Justice SCHAFFER did not participate in the decision.