## Magaw *v.* Bloomsburg Heating Company (et al., Appellant).

Argued March 4, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Roger J. Dever,* for appellant.

*Wm. A. Skinner,* for intervenors.

OPINION BY RHODES, J., April 22, 1935:

This is a Workmen's Compensation case in which the only dispute is between two companies and their respective insurance carriers.

The deceased was instantly killed on December 16, 1932 while examining the hoisting apparatus of a coal dump truck with which he was delivering coal to the plant of the Bloomsburg Heating Company at Bloomsburg, Pa. The coal was sold by and delivered on the truck of the General Dredging Company. The Dredging Company and the Heating Company are separate corporations. The Dredging Company is in the coal business, dredging coal from the Susquehanna River and selling it to the Heating Company, under a contract to deliver it to the Heating Company's plant at Bloomsburg. Magaw was originally employed by the Heating Company in 1927, at which time there was no Dredging Company in existence. The latter was organized on June 1, 1928, and has the same officers and stockholders as the Heating Company.

The testimony of Richard B. White, who was the treasurer and manager of both companies and the only witness called before the referee, shows that prior to the date of the accident and after June 1, 1928,

Magaw "worked mainly for the General Dredging Company draining refuse coal from the Susquehanna River, although part time he would work for the Bloomsburg Heating Company, plant repair and main distribution repair, distributing mains. In other words, as long as we were dredging coal he was working on the dredges. When it was impossible to dredge coal due to weather conditions, due to high water, we couldn't dredge, and then he was employed by the Bloomsburg Heating Company to repair boilers and repair the distributing mains. General repair work."

Claim petitions were filed against both companies, the Heating Company being insured with the Royal Indemnity Company; the Dredging Company with the United States Fidelity and Guaranty Company. The referee found that Magaw was employed jointly by both companies and made an award under which each company was to pay one-half of the compensation. The board sustained the referee's finding that the employment was joint, but assessed the full amount of the award against both companies. The court of common pleas reversed the board and entered judgment against the General Dredging Company only, holding that at the time of the accident, the deceased was employed by this company alone. "In reviewing such a finding of fact we are limited to such consideration of the record as will enable us to determine whether there is sufficient competent evidence to support the finding, and if the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 A. 731; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256:" Lewis v. S. M. Byers M. Co., 102 Pa. Superior Ct. 434, 436, 156 A. 899.

We are of the opinion that the judgment of the court of common pleas must be affirmed.

The undisputed testimony of Mr. White, treasurer

and general manager of the Dredging Company, was to the effect that Magaw was in the employ of the Dredging Company as a truck driver; that he was engaged by it to haul and deliver coal to the plant of the Heating Company; that it was part of his duty not only to drive the truck and deliver the coal, but also to keep the truck in good repair and running condition; that he was on the payroll of the Dredging Company, and was paid for the first fifteen days of December by the Dredging Company for doing the same kind of work; and that he was not on the payroll of the Heating Company at that time, nor was he doing any work for it when the accident happened.

It is immaterial that the deceased made his original contract of employment in 1927 with the Heating Company, or that he often worked on the distributing mains of the Heating Company. In this case, as in those cases where an employee of one person is temporarily loaned to another, the vital question is the same, namely, who had control of the one injured at the time of the accident: Lewis v. S. M. Byers M. Co., supra; Byrne v. Hitner, 290 Pa. 225, 138 A. 826; Tarr v. Hecla Coal Co., 265 Pa. 519, 109 A. 224; Persing v. Citizens Traction Co., 294 Pa. 230, 235, 144 A. 97; Lecker v. Valentine, 286 Pa. 418, 420, 133 A. 792; Atherholt v. Stoddart Co., 286 Pa. 278, 133 A. 504; Sgattone v. Mulholland, 290 Pa. 341, 138 A. 855, 58 A. L. R. 1463; McGorry v. Sterling Supply Corp., 117 Pa. Superior Ct. 563, 176 A. 808.

The fact that these two companies had identical officers and stockholders did not affect their legal status as separate and distinct corporations. They carried insurance with separate carriers, based upon separate payrolls. When decedent drove the coal truck he was working for the Dredging Company under the orders of Mr. White as manager of that company. There is no allegation of an improper use of the

corporate fiction in this case, nor does appellant seriously contend that the idenfity of officers and stockholders of these companies is sufficient to make one liable for the corporate acts of the other.

There is no competent evidence in this case to show a joint employment as found by the Board. On the contrary, the evidence clearly establishes that at the time of the accident Magaw was in the employ and under the control and supervision of the Dredging Company only, and it alone is liable for the payment of the full amount of the award.

Judgment affirmed.