Conn *v.* Lower Tyrone Township, Appellant, et al.

Argued April 16, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

H. E. *McCamey,* of *Dickie, Robinson & McCamey,* with him *William W. Matson,* for appellant.

E. C. *Higbee,* of *Higbee, Matthews & Lewellyn,* with him E. D. *Brown,* for appellee.

OPINION BY PARKER, J., January 31, 1936:

By virtue of a mutual understanding between the Emergency Relief Board of Fayette County and the supervisors of Lower Tyrone Township of that county, Harry Conn was engaged as a laborer on road construction work for the township under the supervision and direction of its supervisors. By the terms of the contract of employment, Conn was to be paid by the Relief Board in relief orders at the rate of thirty cents an hour for a nine-hour day for such service rendered to the township. He had worked one day in October, 1932, and three and one-half days in the month of November when, on November 10, 1932, while at his place of employment and engaged in "napping" stone, a piece of rock struck his left eye causing a serious injury. He received the attention of a physician but developed tetanus, or lockjaw, and died on December 6, 1932. The referee, affirmed by the board, found that the tetanus "was caused by the injury to claimant's eye, which injury he sustained while in the employ of the defendant on November 10, 1932." On appeal to the court of common pleas the award was affirmed and judgment entered for claimant.

It is first contended that work relief employees are not within the terms of the Workmen's Compensation Act. This branch of the case is ruled by Hattler v. County of Wayne, 117 Pa. Superior Ct. 570, 178 A. 513, affirmed by the Supreme Court, 320 Pa. 280, 182 A. 526. The employment and injury occurred after the "Talbot Act" (Act of August 19, 1932, P. L. Sp. Sess. 90) was effective and prior to the effective date of the Amendment of June 3, 1933,

P. L. 1515, to the Workmen's Compensation Law. The contract of employment and circumstances under which the service or labor was performed were the same in both cases.

It is also contended by appellant that there was not sufficient evidence to sustain the finding of referee and board that the tetanus resulted from the eye injury. There was testimony from which the fact-finding bodies might have concluded that the tetanus which caused the death of Conn came from an alleged injury to his heel rather than from the eye injury. There was a dispute of fact, however, as to whether there had been any injury to the heel within a sufficient time to have been a cause of death. This raised a question of fact which was clearly for the board finally to determine, and the board has found adversely to the appellant on this matter. That there was an injury to the eye is conceded. Dr. Junk, a physician called by the claimant testified that in his professional opinion the tetanus was caused by the injury to the eye. In fact, the fair import of the testimony of the appellant's own expert was to the effect that the death might have been due either to the alleged injury to the heel or to the injury to the eye. This raised clear questions of fact and the evidence was sufficient to sustain the judgment.

Judgment affirmed.