Lamb *v.* State Work Relief Compensation Fund
and Works Division et al., Appellants.

Argued April 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*John T. J. Brennan,* with him *Charles J. Margiotti,* Attorney General, and *S. H. Torchia,* for appellant.

*Allison D. Wade,* for appellee.

OPINION BY BALDRIGE, J., May. 15, 1937:

There is no dispute in this workmen's compensation case that an accidental injury was sustained or as to the period of disability. The important question is, was the claimant an employee of the State Emergency Relief Board or of the Lock Joint Pipe Company at the time of the injury?

The borough of Warren was engaged in building a sewer, a work relief project. A written agreement was entered into between the borough and the Lock Joint Pipe Company, whereby the latter was to manufacture and sell to the borough, at definite prices, certain concrete sewer pipe. It was stipulated therein "that all of the above Reinforced Concrete Sewer Pipe shall be manufactured in Warren Borough or adjacent thereto by plant moved in for that purpose, using for common labor only relief labor allotted to the construction of sewers in Warren Borough."

The claimant, one of these relief laborers, was, on November 9, 1934, injured by the dropping of a bucket or hopper of a concrete mixer. The referee made an award in favor of the claimant and against the "Lock-Joint Pipe Company (Works Division State Emergency Relief)." On appeal, the Workmen's Compensation Board found additional facts, to the effect that the claimant was hired as a relief employee by a Mr. Kin-

caid, general foreman of borough sewers; that at the time he sustained his injury his wages were paid by the State Emergency Relief Board. Its eighth finding was as follows: "At the time claimant sustained his accidental injury he was being directed as to the detail of the work by a Mr. Bagley, who was the general foreman for the Lock-Joint Pipe Company and in charge of the manufacture of the sewer tiles. Bagley was paid by the Pipe Company. However, we find that at the time claimant sustained his injury he was still in the employ of the State Emergency Relief, Warren Borough, as a Works Relief Employee, and subject to the directions and control of Warren Borough; its foreman, Mr. Kincaid; or the State Emergency Relief Board." The board ordered the "State Emergency Relief Board, Warren Borough (State Work Relief Compensation Fund)," to pay the compensation, stating that the Lock Joint Pipe Company should not have been mentioned in the award. The court below sustained the award and the present appeal by the State Work Relief Compensation Fund followed.

The appellant complains that the findings of the board were not supported by sufficient competent evidence to warrant the conclusion that at the time of the accident claimant was in the employ of the Works Division State Emergency Relief, within the meaning of the compensation laws, as the evidence clearly disclosed that he was an employee of the Lock Joint Pipe Company and subject to its sole control and direction.

True, the claimant testified that Mr. Bagley directed the details of his work; but he also stated that his immediate boss was Mr. Kincaid, the general foreman for the borough. There was offered in evidence a letter written by the representative of the State Emergency Relief Board, wherein the writer stated that the manufacture of the pipes or tile was under the direct supervision of the Lock Joint Pipe Company, but that Hugh

McKelvey was the labor foreman representing the Works Division; "that the actual operation of their cement mixer was handled by our Works Division employees on the project."

We readily recognize that, ordinarily, the test of determining by whom one is employed does not depend solely upon the payment of wages, but it may aid in resolving that fact: *Sgattone v. Mulholland & Gotwals, Inc. et al.,* 290 Pa. 341, 346, 138 A. 855. Who is the responsible employer in case of injury depends largely on the control or right of control of the employee, not only with regard to the work to be done, but also as to the method and manner of performing it: *Venezia v. Phila. Electric Co.,* 317 Pa. 557, 177 A. 25. It must not be overlooked, however, that we are here considering the rights and status of a work relief employee and the laws especially applicable thereto.

This accident occurred subsequent to the passage of the Act approved June 3, 1933, P. L. 1515 (77 PS §444 et seq.), which had for its primary purpose the furnishing of employment to the unemployed. It specifically places the responsibility for compensation on the "public or charitable body, corporation or institution employing any work relief employee" by direction or assignment of the State Emergency Relief Board. Section 3 (77 PS §446) declares that the workers become "employees of work relief employers for all purposes."

Moreover, the agreement above referred to makes no express reference to the authority to be exercised over the employees allotted to the pipe company. It fails to state that the pipe company had an independent control over the common labor furnished and paid by the State Emergency Relief Board, with the right to direct their work and discharge them. The evidence is somewhat conflicting in regard to the actual supervision of these employees, but, taking it in its entirety, we think there is sufficient proof to justify the finding of the

compensation authorities that the claimant was originally employed by the State Emergency Relief Board and that the relationship of employer and employee had not changed at the time of the accident; that he was subject to the direction and control of Kincaid, the general foreman employed by Warren borough. The State Work Relief Compensation Fund acts as a quasi-guarantor for compensation to injured employees of the State Emergency Relief Board, as any other insurance carrier, and therefore is liable.

Judgment affirmed.