## Workmen's Compensation for Relief Recipients

RUTHERFORD, Deputy Attorney General, August 8, 1939.—We are in receipt of your communication in which you ask to be advised whether assistance recipients working on a project approved by a local county board of assistance are to be considered as such employes as would fall within the provisions of The Workmen's Compensation Act of June 2, 1915, P. L. 736.

The Workmen's Compensation Act, supra, as reënacted and amended by the Act of June 4, 1937, P. L. 1552, and further reënacted and amended by the Act of June 21, 1939, P. L. 520, under section 104 (a) defines employes as follows:

"All natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular

course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer."

Section 302 of The Workmen's Compensation Act, as reënacted and amended, provides:

"(a) In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and in every contract of hiring renewed or extended by mutual consent, expressed or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making . . . an express statement in writing, from either party to the other, that the provisions of article three of this act are not intended to apply . . .".

The employment of relief recipients on projects approved by local county boards is governed by the Act of June 27, 1939, P. L. 1184, which provides, inter alia, as follows:

"Section 4. It shall be the duty of such governing bodies and of the person in charge of each State district office, institution and other agency, and of each such regularly organized charitable organization and institution to furnish employment for as many such employable persons and for as long a period as the care, maintenance, improvement and policing of the highways, streets . . . and to designate to the county board of assistance the number of persons that can be used and the character of the work for which they are required. Thereupon, the county board . . . shall notify the required number of such employables to report for work for a specified number of hours each week at a time and place designated in the notice. Such services shall be rendered free of charge to the State, political subdivision or charitable organiza-

tion except for the cost of transportation if such distance exceeds one mile . . .".

The relation of master and servant clearly exists in the case of assistance recipients working on projects; recipients working on such projects are employes within the meaning of The Workmen's Compensation Act since they do not come within any of the enumerated exemptions. As The Workmen's Compensation Act expressly provides that employers must cover employes with insurance unless they reject the act in accordance with its provisions, recipients on work relief projects coming within the provisions of The Workmen's Compensation Act should be covered.

Having answered your first query in the affirmative, you request to be advised whether or not the sponsor of the project is responsible for payment of the premium for workmen's compensation insurance, or this cost must be borne by the Department of Public Assistance. There is no provision with respect to the premium in either the Act of June 27, 1939, or in the Public Assistance Law of June 24, 1937, P. L. 2051.

To the contrary, the Act of 1939 implies no added costs to your Department of Public Assistance as a relief program, and it is obvious if workmen's compensation costs are added it will decrease appropriations for grants. From your inquiry, the question arises who is the employer in the work relief projects to be carried on under Act no. 401. The rule appears to be that the master who directs the servant in the work is the man who is responsible for the workmen's compensation. See the case of Lamb v. State Work Relief Compensation Fund, etc., et al., 127 Pa. Superior Ct. 44, 47, where the court said:

". . . ordinarily, the test of determining by whom one is employed does not depend solely upon the payment of wages, but it may aid in resolving that fact: *Sgattone v. Mulholland & Gotwals, Inc., et al.,* 290 Pa. 341, 346, 138 A. 855. Who is the responsible employer in case of injury depends largely on the control or right of control of

the employee, not only with regard to the work to be done, but also as to the method and manner of performing it: *Venezia v. Phila. Electric Co.*, 317 Pa. 557, 177 A. 25."

See also Hattler et al. v. Wayne County, 117 Pa. Superior Ct. 570 (affirmed in 320 Pa. 280), which is in point. Plaintiff undertook to furnish 20 hours of labor on a county road, and the County of Wayne undertook to employ him. He was paid by the Commonwealth on the basis of 25 cents an hour. He was injured in the course of his employment and brought suit for compensation. The Superior Court (affirmed by the Supreme Court) held as follows:

"A person assigned by the emergency relief board of a county, acting under the provisions of the Act of August 19, 1932, P. L. 90, to work on a county road under the direction of the county commissioners, is an employee of the county within the meaning of the Workmen's Compensation Act of 1915."

The court also held (p. 573):

"The relationship thus created differs only from that existing where the county employs laborers in the usual course of its business in that here the state provided the funds for meeting the cost. In one case the funds come from local taxation and in the other from state-wide taxation."

We find the case of Conn v. Lower Tyrone Twp. et al., 120 Pa. Superior Ct. 537, is to the same effect. By the terms of a contract of employment, Conn was employed as a laborer on road construction work for the township under direction of its supervisors, but was to be paid by the relief board in relief orders at the rate of 30 cents an hour for a nine-hour day. He received an injury to his eye and, as a result thereof, he died. Judgment for claimant was affirmed, the court holding that a work relief employe engaged on road construction work for a township was within The Workmen's Compensation Act.

In the case of Hubick v. Board of Supervisors of Rush Twp. et al., 23 D. & C. 697, it was held:

"1. A work relief employe assisting in widening township roads under the direction of its board of supervisors, and receiving as compensation food orders issued by the Commonwealth, is an employe of the township supervisors within the meaning of the Workmen's Compensation Act and entitled, upon disability occurring in the course of his employment, to compensation based upon the value of the food orders which he was receiving.

"2. An 'employe', within the meaning of the Workmen's Compensation Act, is any natural person performing services for another for a valuable consideration, with certain stated exceptions, and it is immaterial whether the consideration was received from the employer or another."

To the same effect, see Selser v. Dauphin County Poor Dist. et al., 30 D. & C. 337, where the court said:

"In Pennsylvania relief workers who were injured prior to 1933 are entitled to be paid compensation as provided by the Pennsylvania Workmen's Compensation Act: Hattler et al. v. Wayne County, 117 Pa. Superior Ct. 570, affirmed in 320 Pa. 280; Conn v. Lower Tyrone Twp. et al., 120 Pa. Superior Ct. 537; Hubick v. Board of Supervisors of Rush Twp. et al., 23 D. & C. 697.

"This case arose after the amendment of June 3, 1933, P. L. 1515, 77 PS §§444-450, to The Workmen's Compensation Act of June 2, 1915, P. L. 736. This amendment was evidently intended to provide special compensation for injured relief workers."

Under former laws relating to work relief projects dating back to 1932, it became well established that such persons on work relief were employes under the provisions of The Workmen's Compensation Act, and that sponsors of projects were the employers, and hence were liable for the payment of workmen's compensation insurance premiums. A special fund was even established in 1933 to pay compensation to persons injured in work relief employment.

In view of the foregoing, we are of opinion, and you are therefore advised:

1. That recipients on work relief projects are such employes as come within the provisions of The Workmen's Compensation Act.

2. That, though their wages in the form of assistance are paid receipients by your department, the sponsor of the projects is the employer and, as such, is responsible for payment of premiums for workmen's compensation. Accordingly, each sponsor when asking for an assignment of workers should give to the county board, or your department, a certificate showing that they are covered by workmen's compensation insurance.