**James C. KELPFER, Plaintiff,**

v.

**James JOYCE, t/d/b/a Joyce Pipeline Company, Defendant.**

**Civ. A. No. 60-375.**

United States District Court
W. D. Pennsylvania.

Sept. 15, 1961.

———◆———

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this suit for damages stemming from an accident in which plaintiff sustained most serious injuries, defendant moves for summary judgment for the reason that defendant at the time of accident was plaintiff's statutory employer which renders said action barred by the provisions of the Pennsylvania Workmen's Compensation, 77 P.S.Pa. § 52.

The following facts are not in dispute:

The named defendant had entered into a written contract with the New York State Gas Company in connection with certain pipeline construction for said Company. All payments under the terms and provisions of said contract were to be made to the named defendant, and this practice was followed without exception during the performance of the contract. An article of equipment used in the per-

formance of the terms and provisions of the contract, which was owned by the named defendant, was leased by the defendant to Joyce Western Corporation. This chattel which was allegedly defective was the cause of plaintiff's injury. On the date of the accident and at all times material to this proceeding, plaintiff was an employee of Joyce Western Corporation and was subject solely to the control and supervision of Joyce Western Corporation.

Plaintiff contends that the named defendant entered into an oral agreement with the Joyce Western Corporation assigning all responsibility for the performance of the contract entered into by the named defendant with the New York State Gas Company to Joyce Western Corporation, and that the defendant merely would inquire from time to time how the work on the contract was progressing.

As a matter of contract law, which is not disputed by the parties, after the defendant in this proceeding made its assignment of the performance of the contract to Joyce Western Corporation, the defendant was not relieved of its duties to the Gas Company. It is furthermore not in dispute that if Joyce Western Corporation failed or neglected to perform all the terms and provisions of said contract, the responsibility would have rested with the defendant in this proceeding and not the Joyce Western Corporation to complete and satisfy the terms and conditions of the contract. In short, the prime contractor, the named defendant, was liable under any and all circumstances to the New York State Gas Company for the performance of said contract.

The Plaintiff's thesis is premised on the argument that the named defendant did not exercise any control over the equipment which was the cause of the accident and the injuries to the plaintiff since said equipment had been leased to Joyce Western Corporation and the contract obligations of the defendant to New York State Gas Company were being performed by the Joyce Western Corporation.

The Pennsylvania Compensation Act provides, inter alia, that a person who permits entry upon premises occupied by him or under his control of a laborer hired by a contractor for performance upon such premises of part of the employer's regular business entrusted to such contractor shall be liable in the same manner as to his own employee.

In this case, the occupancy of the premises of the New York State Gas Company would be under the sole control and authority of James Joyce, t/d/b/a Joyce Pipeline Company, and the plaintiff in this proceeding, who is an employee of the Joyce Western Corporation, was on the premises for the performance of the work and duties which were the obligation of the defendant in this proceeding rather than the Joyce Western Corporation.

Since the named defendant was the prime contractor with the New York State Gas Company, it had a continuing obligation to the New York State Gas Company to do the work and carry out the terms and provisions of said contract, and under these circumstances the named defendant had both control and occupancy of property within the Pennsylvania Workmen's Compensation Act provision that "an employer who permits entry upon premises occupied by him or under his control of laborer hired by contractor for performance upon such premises or part of employer's regular business entrusted to such contractor shall be liable in the same manner as to his own employee."

Under these circumstances, since the named defendant was a principal contractor, it was, therefore, the statutory employer of the plaintiff who was an employee of Joyce Western Corporation and since said employee was injured while working on equipment that was being used for the performance of the contractor on the premises of the New York State Gas Company, said employee was a statutory employee and the named de-

fendant was the statutory employer, and as a result thereof the named defendant is not liable to the plaintiff employee in a common law negligence action. Girardi v. Lipsett, Inc., 3 Cir., 275 F.2d 492.

Under the circumstances since the defendant is a statutory employer within the Workmen's Compensation Act, the motion of defendant for summary judgment should be granted.

An appropriate Order is entered.