## Pape, Appellant, *v.* Smith.

Argued November 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*George P. Micacchione,* with him *Alfred V. Papa,* for appellant.

*P. Raymond Bartholomew,* with him *Donald R. McKay,* and *Cusick, Madden, Joyce and McKay,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

This is plaintiff's appeal from the lower court's order granting defendant's motion for summary judg-

ment and dismissing plaintiff's complaint. Plaintiff brought this action against defendant Smith in trespass to recover for injuries suffered when he was trapped in the cave-in of a sewer line excavation in which he was working.

The issue to be resolved is whether defendant is a statutory employer of plaintiff under Section 203 of Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. II, §203 as amended, 77 P.S. §52, and therefore immune from common law liability to the plaintiff.

The factual setting as developed by deposition and affidavit is as follows: The defendant, Ralph Smith, a general contractor, was awarded the job of constructing and installing sewer lines for Taylor Township in Lawrence County. Smith subcontracted the construction and installation work to D. J. Hannon, Inc. Plaintiff was employed as an apprentice plumber by Hannon and while engaged in laying the sewer lines in this Taylor Township job was injured when a portion of the trench where he was working collapsed. Having received workmen's compensation benefits through his immediate employer, Hannon, the plaintiff now seeks to recover additional damages in trespass against Smith, the general or primary contractor.

Section 203 of the Workmen's Compensation Act sets forth the following language: "An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe. 1915, June 2, P. L. 736, Art II, §203; 1937, June 4, P. L. 1552, §1; 1939, June 21, P. L. 520, §1."

To enjoy immunity against a common law action a general contractor must meet a number of requirements so as to be within the Act's definition of a "statutory employer". Five elements have been enumerated by the Pennsylvania Supreme Court in *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 294-95 (1930), and each must be present to bring the general contractor within the provisions of the Workmen's Compensation Act:

"(1) An employer who is under contract with an owner or one in the position of an owner.

"(2) Premises occupied by or under the control of such employer.

"(3) A subcontract made by such employer.

"(4) Part of the employer's regular business entrusted to such subcontractor.

"(5) An employee of such subcontractor."

See also *Springer v. United Engineers and Constructors, Inc.*, 272 F. Supp. 833 (W.D. Pa. 1967).

Accompanying his motion for summary judgment, defendant filed an affidavit which stated his status as the general contractor under a contract with the township to install certain sewer lines; that this contract required defendant to dig ditches, lay the pipes, and grade the surface over the sewer lines; that the premises, including the trench in which plaintiff was injured were occupied by and under the control of the defendant; that plaintiff's employer, Hannon, and defendant had orally contracted that Hannon would install the sewer pipe. Defendant also stated by affidavit that he supplied all materials including the sewer pipes and lumber which were to be used to shore the trench; and attached to the affidavit was a copy of the written agreement between defendant and the Township.

Defendant also submitted depositions taken of the plaintiff and of Eugene McConahy, who was also em-

ployed by the subcontractor, D. J. Hannon and Sons, Inc. These depositions tended to corroborate defendant's affidavit as to the element of defendant's control of the premises. For example, plaintiff responded affirmatively to the following question posed by counsel for the defendant: "Q. Is it your contention in this case that the premises in the vicinity of this sewer trench and the sewer trench that you were working on was, therefore, under the control of Smith—the defendant Smith? (Transcript, p. 34a) A. The ditching? Q. Yes. A. Yes."

In addition, plaintiff testified that defendant Smith had constructed wooden forms for use as shoring devices, and that the defendant had two employees at the job site on days previous to the day of the accident, whose responsibility it was to install such shoring devices in the trench; that the ditch was continuously being excavated and backfilled at the same time that he was laying the sewer pipe; and, that this trenching and backfilling operation was being performed by an employee of the defendant.

In Eugene McConahy's deposition taken by defendant, McConahy states the following: "I suppose I had control of putting the pipe in but [defendant Smith] had control of the digging." Mr. McConahy further related that there was nobody else at the job site who could have exercised any control over the work, and that the decisions as to where to locate the trench and how deep to dig it were made by the defendant or its agents.

The plaintiff did not oppose the motion for summary judgment with affidavits, depositions, or interrogatories of his own which might show a genuine issue of fact. Failing this, unless such issue is present within the defendant's supporting affidavit and depositions, plaintiff is precluded from relying on any allegations

in his complaint in an effort to propound the existence of a genuine issue of fact. Pa. R.C.P. 1035(d); *Phaff v. Gerner*, 451 Pa. 146 (1973). In *Phaff* our Supreme Court said: "Once a motion for a summary judgment is made, a party may not rely on the controverted allegations of the pleadings.

"Rule 1035(d) provides: '. . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.'

". . . Supporting affidavits, after a motion for summary judgment, are acceptable as proof of facts. Pleadings are not. Thus, under Rule 1035(d) there are strict requirements concerning affidavits which are used in support of a motion for summary judgment.

. . . .

"In considering a motion for summary judgment under Rule 1035, a court may rely on the pleadings for uncontroverted facts but must ignore the pleadings as to controverted facts. Rule 1035(d) of the Pennsylvania Rules of Civil Procedure was taken verbatim from Federal Rules of Civil Procedure 56(e). The Advisory Committee on the Federal Rule commented as follows on the purposes of the last two sentences of the Rule: '. . . A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue

for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. . . . The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The . . . doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. . . .'

"A motion for summary judgment under Rule 1035 would be a useless procedural appendage if a court were required to deny such a motion because the original pleadings raised a genuine issue of material fact. Issues of fact in the pleadings are significant only when there are no supporting affidavits before the court."

There is nothing in the supporting affidavit or the depositions which controvert the fact of defendant Smith's control over the job involved here, nor that the work involved was a part of his regular business. The contract between defendant Smith and the township provided that Smith "furnish and install . . . approximately 900 feet of 8′ [sic] sewer line . . . and other items per bidding specs." The installation of the sewer line was therefore the responsibility of Smith under his contract with the Township; it was, as such, a part of the "regular business" of the defendant as specified in the contract and is not removed from that category by the fact that it was subcontracted to plaintiff's employer. *Girardi v. Lipsett, Inc.,* 275 F. 2d 492 (3d Cir. 1960), cert. denied, 364 U.S. 821, 81 S.Ct. 56, 5 L.Ed. 2d 50 (1960) ; *Kelpfer v. Joyce,* 197 F. Supp. 676 (W.D. Pa. 1961).

Order of the lower court is affirmed.