## Branan v. Union Carbide Corp.

*John B. McCue,* for plaintiff.
*S. Asher Winikoff,* for defendant.

HOUSE, *P.J.,* December 2, 1980—Defendant has filed a motion for summary judgment in which it contends that it is the employer of plaintiff under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., and is therefore immune from liability in tort in the circumstances of this case. A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law: Pa.R.C.P. 1035(b).

In support of its motion defendant has filed the affidavit of C. E. Eley, manager of Liquid Distribution for the Linde Division of the Union Carbide Corporation, defendant, and attached to it a copy of the contract between defendant and Bell Transit Company. In addition, the deposition of plaintiff was taken. Plaintiff has also filed an affidavit in his

behalf. The court is faced with the task of determining whether or not there is any issue as to the material facts needed to decide if defendant is plaintiff's employer under the Workmen's Compensation Act. If indeed there are no such disputed material facts and the court finds that defendant is plaintiff's employer, then defendant is entitled to judgment as a matter of law.

## FACTS

Plaintiff was injured when he slipped and fell while descending a set of stairs located on the premises of defendant, Union Carbide Corporation. From the affidavits and deposition, along with the attached copy of the contract, it is undisputed that Bell Transit Company and defendant entered into a contract which provided that Bell Transit was to furnish experienced and qualified drivers to operate specially designed trucks and tractor-trailers owned by defendant and that plaintiff was originally employed by Bell Transit and was furnished to defendant as such a driver under this contract. The agreement further provided that defendant had the right to dismiss any driver whom it felt did not meet its experience and qualifications requirements; that Bell Transit was to pay the driver's wages and payroll taxes and carry workmen's compensation and employer's liability insurance, but that defendant would reimburse them; that defendant "shall control" the drivers in the operation of their vehicles, instructing them as to operation, maintenance, safety rules and accident procedure; that defendant shall specify the start, destinations and routes for all trips; that defendant trains the drivers in the special precautions of transporting its gas products; that defendant determines vacations and

pays expenses for the cost of gas, oil, repairs, tolls, meals and telephone calls; that defendant carries liability and property damage insurance with respect to the vehicles and assumes full responsibility to the public; and that defendant shall pay a fee to Bell Transit for providing drivers. A revision of the original agreement provides that Bell Transit was to maintain a representative at four of defendant's plant locations "who shall be responsible for the proper performance of [Bell's] obligations."

The business of Bell Transit Company is that of supplying drivers and Bell does not transport anything of its own. Plaintiff received his pay checks from Bell Transit. Plaintiff's work instructions were given to him by a dispatcher for defendant and he delivered defendant's products only and worked only with machinery and equipment of defendant.

## DISCUSSION

Before granting or denying defendant's motion for summary judgment the court must determine whether under these facts defendant is entitled to judgment as a matter of law. In order to do so it is necessary to examine the law in this area to determine what facts are needed to decide the question whether defendant is plaintiff's employer under The Pennsylvania Workmen's Compensation Act, 77 P.S. §1 et seq.

A thorough examination of the law in this area reveals that there are two possible bases for a finding that defendant was an employer of plaintiff. The arguments of both parties in their briefs focus chiefly on section 203 of the Workmen's Compensation Act, 77 P.S. §52. That section provides:

"An employer who permits the entry upon prem-

ises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

Both parties cite the five requirements for a finding of statutory employer under this section, set down in the case of McDonald v. Levinson Steel Co., 302 Pa. 287, 295, 153 Atl. 424 (1930), without discussion of whether they are entirely applicable to the case at bar. Those requirements as stated by the Supreme Court, are

"(1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business entrusted to such subcontractor. (5) An employee of such subcontractor."

The Supreme Court derived these requirements by construing 77 P.S. §52, along with section 105 of the act, 77 P.S. §25, which defines the term contractor as it is used in various sections of the act, including 77 P.S. §52. The court concluded in McDonald that 77 P.S. §52 applied only in the case where a general contractor who already has a contract with an owner of premises or one in the position of an owner hires a subcontractor to perform part of the work of the general contractor, and then an employe of the subcontractor is injured. The requirements, therefore, were stated with only that fact situation in mind.

The court's reasoning in McDonald was partly based on its interpretation of 77 P.S. §25 that con-

tractor is intended to mean only a subcontractor. That section provided:*

"The term 'contractor' . . . shall not include a contractor engaged in an independent business, other than that of supplying laborers or assistants, in which he serves persons other than the employer in whose service the accident occurs, but shall include a sub-contractor to whom a principal contractor has sub-let any part of the work which such principal contractor has undertaken."

The court concluded that independent contractors were excluded from the definition of contractor. Because it was inapposite to the McDonald case, however, the court ignored the "other than that of supplying laborers or assistants" clause. Since that clause states an exception to the "independent contractor" clause, those whose business is that of supplying laborers or assistants are not intended to be excluded from the definition of contractor. Therefore the term contractor as it is found in 77 P.S. §52 and defined in 77 P.S. §25 must be read to include not only general contractors but also those whose business it is to supply laborers or assistants to others. That neglected clause is important to the case at bar.

The requirements of McDonald were formulated with particular reference to the situation where an employe of a subcontractor is injured while performing work that the general contractor has delegated to the subcontractor, and these enunciated requirements do not comport with the present fact situation. Since the court finds that the requirements of McDonald do not entirely apply, but that

---

*This section was amended by The Act of March 29, 1972, P.L. 159, sec. 2. Its wording is the same except that "injury" has been substituted for "accident."

Bell Transit Company, as a contractor engaged in the independent business of supplying laborers or assistants, is a contractor for purposes of 77 P.S. §52, the court must look to that section and determine whether all its conditions are met. An inspection of 77 P.S. §52 indicates that all conditions are clearly met. Plaintiff disputes that his employment activities were the regular business of defendant, arguing that defendant was merely a manufacturer and that it was Bell Transit's business, not defendant's, to transport its materials. The undisputed facts, however, suggest a different legal conclusion. The affidavits and deposition disclose that Bell merely provided the drivers for defendant and that the rigs driven by plaintiff were defendant's, not Bell's. Defendant also had the right to control plaintiff under the agreement and to specify the routes and destinations. Plaintiff received his work instructions from defendant's dispatcher. These facts lead the court to the conclusion that it was the regular business of defendant to transport its materials by rig, using drivers such as the plaintiff.

The court in McDonald recognized that the right to compensation and the corresponding immunity from tort liability also arose independently of 77 P.S. §52 where "the relation of master and servant is established by the contract reserving control over the means of accomplishing the work as well as over the result to be accomplished." McDonald, 302 Pa. at 297, 153 Atl. at 427.

Section 103 of the Workmen's Compensation Act, 77 P.S. §21, provides that "[t]he term 'employer,' as used in this act, is declared to be synonymous with master. . . ." Defendant cites Venezia v. Philadelphia Electric Co., 317 Pa. 557, 177 Atl. 25 (1935), and that case furnishes the second basis for a possible finding that defendant is an employer of plaintiff

under the act. Venezia illustrates the application of the "borrowed servant" rule, usually used to determine whether a party is responsible for paying workmen's compensation and therefore immune from liability for its direct negligence. See Matonti v. Research-Cottrell, Inc., 202 F. Supp. 527 (E.D. Pa. 1962).

In Venezia, plaintiff was engaged to do common labor by Anthony Tinaglia, a labor contractor. Tinaglia furnished plaintiff to defendant to dig a trench. This arrangement was made pursuant to a written contract between Tinaglia and defendant whereby Tinaglia was to "furnish necessary labor." Defendant's foremen directed the work, while Tinaglia had a man present who only told the men where to go, kept their time and checked to see if the workers were present. The Supreme Court, in affirming the holding that defendant was plaintiff's employer and that therefore a common law action could not be maintained, stated the general rule, 317 Pa. at 559, 177 Atl. at 26: "The vital test in determining whether the workmen furnished by Tinaglia were servants of defendant is whether they were subject to its control or right of control not only with regard to the work to be done but also with regard to their manner of performing it." See also Ramondo v. Ramondo, 169 Pa. Superior Ct. 102, 82 A. 2d 40 (1951).

The holding in Venezia is consistent with cases in other jurisdictions that hold that a defendant who has a worker furnished to him by another is the employer of that worker for the purposes of workmen's compensation statutes. See Renfroe v. Higgins Rack Coating, 17 Mich. App. 259, 169 N.W. 2d 326 (1969); Wright v. Habco, Inc., 419 S.W. 2d 34 Mo. (1967); Daniels v. MacGregor Co., 2 Ohio St. 2d 89, 206 N.E. 2d 554 (1965); Chickachop v. Man-

148

power, Inc., 84 N.J. Super. 129, 201 A. 2d 90 (1964).

It is perfectly clear from the terms of the contract, which are not disputed by plaintiff, that it was defendant, and not Bell Transit, that had the right to control not only the work that plaintiff was to perform but also the manner in which he was to perform it. Moreover, plaintiff admits that he received his work instructions from defendant's dispatcher. Plaintiff contends that control is in dispute, since Bell did the hiring, firing, paying, payroll deductions and taxes and provided workmen's compensation insurance. These activities, however, have nothing to do with how plaintiff's work was to be done and the manner of its performance. The fact that Bell Transit Company paid plaintiff is without significance: Ramondo v. Ramondo, supra; Venezia v. Philadelphia Electric Co., supra.

Despite what plaintiff states in his brief, the agreement gave defendant the right to dismiss any of the drivers. Facts stated only in briefs cannot be considered: 2 Goodrich-Amram 2d §1035(b):5. In addition it is immaterial that Bell Transit provided workmen's compensation insurance for plaintiff. See Barbieri, Pa. Work. Comp. §4.09.

It is the conclusion of this court that defendant is an employer of plaintiff both as a "statutory employer" under 77 P.S. §52 and as an employer under 77 P.S. §21 through the application of the "borrowed servant" rule under the holding in Venezia, supra, since the undisputed facts clearly satisfy the conditions of 77 P.S. §52 and the "right to control" requirement necessary to establish defendant as plaintiff's employer.

No facts needed to resolve this issue are in dispute and this case can properly be disposed of on motion for summary judgment. See Pape v. Smith, 227 Pa.

Superior Ct. 80, 323 A. 2d 856 (1974); Biggerstaff v. Consolidated Engineering Company, Inc., 90 Dauph. 115 (1968). Plaintiff in his brief asserts only that control is in dispute, but the contract between the parties clearly provided that defendant "shall control" plaintiff. In fact, plaintiff corroborated such control in his deposition. See oral deposition of Robert J. Branan, p. 10. Where the question of the right to control rests upon the terms of a written contract, it is a question of law for the court: Eckert v. Merchants Shipbuilding Corporation, 280 Pa. 340, 124 Atl. 477 (1924). Therefore, for the reasons stated in the opinion above, we conclude that defendant is entitled to summary judgment.

## ORDER

And now, December 2, 1980, after the submission of briefs and oral arguments, and for the reasons contained in the annexed opinion, it is hereby ordered, adjudged and decreed that the motion of defendant, Union Carbide Corporation, for summary judgment against plaintiff, Robert J. Branan, is granted, and judgment is now entered in favor of defendant and against plaintiff.