## Sheaffer et al. *v.* Brown, Appellant.

*Promissory note — Married women — Defense — Evidence —Directed verdict—Witness—Husband and wife—Incompetent witness.*

1. In an action on a promissory note given by a married woman to plaintiffs' intestate, where the defense is that the note was made for the accommodation of decedent, a directed verdict for plaintiff is proper, where the only evidence offered was a declaration of decedent that he had destroyed a note of plaintiff and that "it was all fixed up," but there is no evidence to connect the note referred to with the note in suit, or that the note referred to was given as an accommodation and without consideration.

2. In such case, the husband of defendant is not a competent witness in her behalf, inasmuch as defendant was incompetent, the payee of the note being dead.

Argued May 19, 1924. Appeal, No. 309, Jan. T., 1923, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1922, No. 27, on verdict for plaintiff, in case of A. O. Sheaffer and H. M. Hoffman, Administrators of Addison M. Sheaffer, deceased, v. Emma Brown. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on promissory note. Before HASSLER, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff for $1,-677.55. Defendant appealed.

*Errors assigned* were, inter alia, direction for plaintiff, and exclusion of evidence, quoting record.

*B. F. Davis,* for appellant.

*M. G. Schaeffer,* for appellee.

PER CURIAM, July 8, 1924:

Plaintiffs sued in assumpsit to recover the sum of $1,500, with interest, the amount of a promissory note

made by defendant, a married woman, to the order of Addison Sheaffer, dated December 7, 1920, and payable on demand.

The sole defense set up was that the note sued on was made for the accommodation of payee and without consideration. The court below held the testimony insufficient to establish the defense and directed a verdict for plaintiffs. A new trial was refused and defendant appealed. To sustain the defense, defendant relied on the testimony of her son to the effect that he heard plaintiffs' decedent, in the fall of 1920, inform his mother he had destroyed a note made by defendant for $1,500, saying to her, "you need not worry about that any more, that is all fixed up." This was practically the entire testimony adduced to show payment of the obligation. It was, however, without value for that purpose, for the reason it failed to specify the note here sued on and could not have referred to it because it was not given until December 7, 1920, which was subsequent to the alleged conversation, and for the further reason it fell far short of even tending to show the note claimed to have been destroyed was the one given payee as an accommodation and without consideration.

The refusal of the court to permit defendant's husband to testify was not error. Mrs. Brown being incompetent owing to the death of Sheaffer, and she being "a party to the thing or contract in action," for the same reason her husband was disqualified: Bittner v. Boone, 128 Pa. 567; Myers v. Litts, 195 Pa. 595, 598.

Plaintiffs having made out a prima facie case, the burden was on defendant to establish the defense set up; this she failed utterly to do, and consequently the court below properly directed a verdict for plaintiff.

Judgment affirmed.