Lobos *v.* Union Paving Co., Appellant.

Argued November 25, 1929.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

382

*Hubert J. Horan, Jr.,* with him *T. F. Deady,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, January 6, 1930:

This is an appeal from a judgment on a workmen's compensation award to Helene Lobos, widow of Charles Lobos. Lobos was killed when a steam shovel, owned by Naimo & Krasniski, who regularly employed him to operate it, "fell off a trailer," on which the shovel was being transported to a place where the Union Paving Company, defendant, was doing work in connection with which, under an arrangement with the owners of the shovel, that implement and its operator were to be used.

The single question before us is whether the record contains evidence "legally sufficient" to sustain the finding that Lobos was killed in the course of his employment with defendant company.

A verbal contract for the use of the steam shovel and employment of its operator was made by a representative of defendant company with Naimo & Krasniski, the owners of the shovel and regular employers of Lobos, and there is ample evidence on the record to show that the latter's special employment by defendant, as well as his pay, began before the departure of the shovel from the premises of Naimo & Krasniski at Kulpmont, Pa. The evidence shows that defendant agreed with the owners of the shovel to pay "$400.00 a month and......all

expenses, including the operator and expenses of the shovel from the day it [left] Kulpmont until it is returned to Kulpmont"; that Summer, the representative of defendant, gave orders that Lobos was "to get the shovel ready to be transported" and that he was "to leave with the shovel the next day"; further, that the deceased carried out these orders, prepared the shovel, helped to load it, and, on the invitation of one of the drivers, took a place on a truck engaged by defendant to make the journey to Lansford, where he and the shovel were to be used by defendant; finally, that he was killed en route.

Lobos's employment by defendant company started in Kulpmont and included his traveling from that place to Lansford; and, since there is evidence on the record to show that he was making this trip for the sole purpose of running the shovel, it cannot be held that the continuity of the employment was broken by riding in the truck-train carrying the shovel, a natural and proper place for him to be. An analogous situation, but where the intention of the employee to serve his employer's purposes was less apparent than here, arose in Rodman v. Smedley, 276 Pa. 296, and was held compensable.

No question is raised as to Lobos being a temporary employee of defendant in connection with its hire of the steam shovel, and, on the evidence in this case, we cannot sustain appellant's contention that the employment of the deceased by defendant must be limited to the running of the shovel after it was put into operation, or when the actual digging began. Appellant's further argument that it had not agreed to transport Lobos from Kulpmont to Lansford and therefore could not be held liable, under our decisions, for injuries happening en route, overlooks the order of the representative that Lobos was to accompany the shovel, and also the important consideration, evident in the cases relied on, that they deal with transportation from the worker's home to the employer's place of business or vice versa, not, as

here, from one scene of the employer's affairs to another: see, for instance, Dunn v. Trego, 279 Pa. 518, and cases there discussed; Logan v. Pot Ridge Coal Co., 79 Pa. Superior Ct. 421.

The judgment is affirmed.