## McGorry v. Sterling Supply Corporation, Appellants.

Argued December 13, 1934.

564

■■■■■■■■■■■■■■■

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ. ■■■

■■■■■■■■■■■■■■■

*David F. Maxwell,* and with him *George B. Clothier* of *Edmonds, Obermayer & Rebmann,* for appellants.

*George H. Detweiler,* for amicus curiae.

OPINION BY KELLER, J., February 1, 1935:

This workmen's compensation case is really a dispute between two employers and their respective insurance carriers. While it is being litigated the injured workman, who, both sides admit, is entitled to compensation, is not being paid. There should be some legislative remedy for such a situation, that would give the injured employee the compensation he is admittedly entitled to, while the insurance companies litigate the ultimate responsibility.

Bonner Hauling Company, Inc. which owned certain automobile trucks, by an agreement in writing contracted to furnish two of them to Sterling Supply Corporation, this defendant, "together with operators and with the necessary gasoline, oil, repairs, etc.

required for hauling material for and on behalf and as directed" by Sterling Supply Corporation, "to and from any place or places within a radius of thirty miles in all directions from City Hall, Philadelphia, Penna." In consideration of said services Sterling Supply Corporation agreed to pay to Bonner Hauling Co., and the latter agreed to accept, the sum of $142.50 per week, payable in full on Thursday of each week.

The contract contained, *inter alia*, the following clauses:

"It is further agreed that the party of the first part [Bonner] shall furnish drivers for the aforesaid trucks and shall have the right to hire and discharge said drivers, but that the said trucks and drivers shall be subject both as to direction and control to the orders and instructions of the party of the second part [Sterling]; during the hours of 7 A. M. to 5:30 P. M. on every week-day during the period of this contract except Sundays, and between the hours of 7 A. M. and 3 P. M. on Saturdays. The party of the first part shall be liable for and pay the salaries of the drivers of the aforesaid trucks. If the party of the second part shall be dissatisfied with any driver furnished by the party of the first part, then within one week after written notice to that effect, the party of the first part shall replace said unsatisfactory driver with driver or drivers to be approved by the said party of the second part. In the event that said truck or trucks and drivers or driver shall be employed by the said party of the second part on its behalf after and beyond the above stated hours of employment, the said party of the second part shall pay to the party of the first part which shall receive in addition to any sum herein stated, the sum of $1.50 for each additional hour, which additional compensation shall likewise be paid on Thursday of each week. However, it is further agreed that the party of the second part has the

right and privilege of using the trucks and drivers occasionally until 6:30 P. M. instead of 5:30 P. M. without any extra charge. During the aforesaid hours of employment, and while not engaged in the process of hauling for and on behalf of the party of the second part, the driver or drivers supplied by the party of the first part shall, if so desired by the party of the second part, make himself or themselves generally useful in and about the business of the said party of the second part.''

While driving one of these trucks on business of Sterling Supply Corporation, McGorry, the claimant, was hurt. He filed claims for compensation against both corporations. See Byrne v. Hitner's Sons Co., 290 Pa. 225, 138 A. 826. The referee awarded him compensation against Sterling Supply Corporation, holding that he was working for it, as a loaned [or hired] employee, and was working under its direct control and supervision. On appeal to the Board, the award was sustained. The case was then appealed to the Court of Common Pleas No. 2 of Philadelphia County, which likewise sustained the award and entered judgment for the claimant against Sterling Supply Corporation.

We affirm the judgment on the clear and satisfactory opinion of the court in banc, as follows: ''The rights and obligations of the Bonner Hauling Company and the Sterling Supply Corporation in regard to the drivers of the trucks are clearly set forth in the agreement between the parties. It is there expressly provided that the trucks and drivers shall be subject, both as to direction and control, to the orders and instructions of the Sterling Supply Corporation. This indicates a relationship between the drivers and the Sterling Supply Corporation which fixes the status of the latter as that of employer. It is immaterial that the right to hire and discharge the drivers re-

mained in the Bonner Hauling Company and that that company also paid the salaries of the drivers. There is no doubt whatever but that the trucks and the drivers were placed wholly at the disposal of the Sterling Supply Corporation, which had the power to direct the drivers, not only as to general objectives but as to the manner and details of operation. The agreement evidently provides for the hiring of trucks, supplies and drivers to the Sterling Supply Corporation for a fixed sum per week, and indeed the Sterling Supply Corporation under the express terms of the agreement could use the drivers not only for the purpose of operating the trucks but for any other work in and about the business of that company. The law in regard to this subject is so well settled as to make any discussion of it unnecessary. The court, therefore, has affirmed the award of the Workmen's Compensation Board and over-ruled the defendant's exceptions.''

The judgment is supported by many decisions of the Supreme Court of which we refer to the following: Byrne v. Hitner's Sons Co., supra; Sgattone v. Mulholland & Gotwals, Inc., 290 Pa. 341, 138 A. 855; Robson v. Martin, 291 Pa. 426, 140 A. 339; Bojarski v. Howlett, 291 Pa. 485, 140 A. 544; Persing v. Citizens Traction Co., 294 Pa. 230, 144 A. 97; Rosen v. Diesinger, 306 Pa. 13, 158 A. 561; Atherholt v. Stoddart, 286 Pa. 278, 133 A. 504.

Judgment affirmed.