Award affirmed and judgment entered for claimant.
The facts are stated in the opinion, by HUDSON, P.J. of the lower court, HUDSON, HENDERSON and MORROW, JJ., as follows:
This is a Workmen's Compensation case, and was before the Board twice. The Referee found for the claimant, and on an appeal by the insurance carrier the Board referred the matter to the Referee for the purpose of taking additional testimony. The Referee took additional testimony and again found for the claimant. On an appeal to the Board the findings of fact, conclusions of law and award of the Referee were affirmed. An appeal was taken to our court, and the matter argued before the court in banc.
The question before us is simply this: Was claimant *Page 86 
an employee of defendant at the time he received his injuries? If he was, then the award should be sustained.
It appeared from the testimony that Edward Higbee had possession of a steam shovel which he was buying on installments; that he entered into an oral contract with A.C. Herwick, a contractor, and defendant, to move his shovel from where it was stored to a lot which was to be levelled so that it could be used for a service station, Herwick having a contract with the owner of the lot to do this work. Higbee was to be paid rental by Herwick for the use of the shovel, and the operator and fireman of the shovel were to be secured by Higbee and paid by Herwick.
Austin Laymon, the claimant, is a fireman of a steam shovel by occupation, and on November 7, 1932, was employed to act as fireman of the steam shovel while the lot was being levelled. In the moving of a shovel or in using it, a fireman and operator are necessary, and the fireman receives his orders from the operator.
On the morning of November 8, 1932, Edward Higbee and the claimant started to move the shovel from its storage place to the lot in question, and while working around the shovel Laymon had his hand caught in the gears and seriously injured. After Laymon was injured, another fireman was secured and the shovel moved to the lot and the work done in three or four days. Edward Higbee not only furnished the shovel for the work, but also furnished a truck and worked at levelling the dirt. The work was done under the direction and control of Herwick. Laymon was paid for his services by Herwick several days after he was injured, Herwick knowing of the injuries of Laymon soon after they occurred.
The defendant takes the position that Laymon was an employee of Higbee and not of Herwick, and hence there could be no recovery from Herwick. *Page 87 
There is no testimony in the case which would justify the conclusion that Edward Higbee was either a subcontractor or an independent contractor on this job. Francis McCoy, operator of the steam shovel at the time the work was done, testified as follows: "I did the work under Mr. Herwick's supervision. Question: Did he show you what to do? Answer: Yes, and he gave me the grades." McCoy was paid for his services by Herwick.
In the instant case the steam shovel was under the direction and control of Herwick, defendant. As is said in Robson v. Martin et al., 291 Pa. 426, 432, "The test is whether the truck and driver are engaged to work for the hirer on the undertaking during the course of which the accident occurs, and remains subject to his direction and control independent of the original employer. If so, the temporary hirer becomes the master as to the one who is for the time being his servant, and assumes the attendant responsibility. On the other hand, if it appears that the owner of the truck is engaged to execute certain work, proceeding in his own way, merely effecting a directed result, the contrary is true. The facts in this case bring it within the first class mentioned, and Martin is therefore the one who must respond as the master of Robson."
The fact that the injury occurred before the steam shovel reached the job does not prevent a recovery, and it is so decided in Lobos v. Union Paving Co., 298 Pa. 381.
We are satisfied that under the evidence the Referee was justified in finding that Austin Laymon, claimant, was an employe of defendant.
Defendants appealed.
Errors assigned, among others, were dismissal of exceptions.
The judgment is affirmed on the opinion of President Judge HUDSON of the court below.