## Berks County Trust Company *v.* Kotzen et al., Appellants.

Argued April 20, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*B. D. Oliensis,* with him *Paul D. Edelman* and *Emanuel Weiss,* for appellants.

*John A. Moss, Edgar S. Richardson* and *Ellwood H. Deysher,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 25, 1937:

This is an action on a promissory note, having affixed thereto the names of defendants, which was executed by their attorney in fact under a power of attorney giving him authority "to make, execute and deliver to the Colonial Trust Company of Reading, Pa., any note or notes as security or securities for any loan or loans hereafter to be made to us by the said Colonial Trust Company of Reading, Pa., and to make, execute and deliver to the said Colonial Trust Company of Reading, Pa., any and all renewal notes for such loans." Prior to the execution of this note, which was in renewal of notes previously given the Colonial Trust Company, that bank merged with the Berks County Trust Company, assuming the latter's name. The court below granted plaintiff's request for binding instructions.

Appellants contend the power of attorney did not authorize the issuance of the note in question to the Berks County Trust Company, and that appellee was not entitled to judgment without showing the note was given for a loan to them.

The relationship which merged corporations bear to each other and to their new entity has been dealt with by this court. It is settled that the new corporation is subject to all the obligations of the merged corporations, and is invested with the rights possessed by them even though such rights do not become enforceable until after the merger takes place: *Pennsylvania and Northwestern Railroad Company v. Harkins,* 149 Pa. 121; see also *Bank of United States v. Glickman,* 265 N. Y. 539, 193 N. E. 309 (facts stated in 241 App. Div. 92, 271 N. Y. Supp. 90). In *Buist's Estate,* 297 Pa. 537, where we held that a merger does not effect a distribution or division of assets requiring the apportionment of shares issued by the new corporation between life tenant and remainderman, it was stated, at p. 541: "The merger of two or more corporations is neither a sale nor a liquidation of corporate property, but a consolidation of properties, powers, and facilities of the constituent companies, forming a new corporate entity. Merger is a method of incorporation by two or more companies into a single corporate body. While the constituent companies are deemed dissolved, their powers and privileges, to the extent authorized by the merger contract or the law, are vested in the merged company as a new corporation."

While written instruments conferring authority upon agents must be strictly construed *(Gorsuch v. Berman,* 270 Pa. 8; *Union Trust Co. v. Means,* 201 Pa. 374), the execution of the renewal note was well within the scope of the power regardless of the merger. The merged institution retained sufficiently the attributes of the Colonial Trust Company to bring it within the intention of appellants as expressed in the power in so far as to permit the renewal of notes executed under it prior to the merger. The question whether the power would have been sufficiently broad in scope to cover the making of original notes after the merger is not in issue.

It was not incumbent upon appellee to prove the note was given in consideration of a loan made for the benefit of defendants, as the power of attorney required. While the Act of May 16, 1901, P. L. 194, Chapter 1, Sec. 19, states that the authority of an .agent "may be established as in other cases," Section 24 provides that consideration is presumed in a negotiable instrument, the burden being on the defendant to show its absence. See *Mikos v. Kida,* 314 Pa. 561; *Sheaffer v. Brown,* 281 Pa. 114. The provision in the power of attorney that notes be executed only for loans to appellants was equivalent merely to a requirement that value be received by appellants, and appellee's proof of the warrant of attorney, aided by the presumption that value was given for the note, was sufficient to satisfy the burden of proving the authorized execution of the note.

The renewal note contained a waiver of presentment, and the power of attorney did not confer authority to make such waiver. This, it is urged, invalidated the note. This objection is here raised for the first time and need not be considered, but it may be stated that it is without merit. The Act of May 16, 1901, P. L. 194, Chapter I, Sec. 70, expressly makes presentment unnecessary to charge persons primarily liable on a negotiable instrument. Appellants' contention is not aided by the part of that section providing that where an instrument is payable at a special place and the makers are willing and able to pay it there at maturity, they are relieved of liability for costs and interest if no presentment is made; appellants were not willing to make payment and were not prejudiced by the waiver.

Judgment affirmed.