Opinion by
 

 Hirt, J.,
 

 Claimant’s husband, an experienced mechanic and general utility man in the employ of Paul W. Longsdorf Inc., (which we will refer to as Longsdorf) was assigned in April 1938 to operate a power roller which that company had supplied to the County of Montgomery. The county was then engaged in the reconstruction of four separate county roads and for the use of the roller with an operator paid Longsdorf at a stipulated hourly rate. By the agreement Longsdorf paid the operator’s wages, supplied the fuel and kept the roller in repair. On October 27, 1938 claimant’s husband, during working hours, with the consent of the county’s superintendent of work, in his own automobile, conveyed a county employee to another paving project. On their return, in crossing the railroad tracks, the automobile was struck by a train and both were killed. In this proceeding against the county the referee disallowed compensation; the board reversed and the lower court affirmed the award.
 

 This case is readily distinguished on its facts from
 
 Healey v. Carey, Baxter & Kennedy,
 
 144 Pa. Superior Ct. 500, 19 A. 2d 852, and like cases, where the equipment was supplied for the accomplishment of a specific result and the contractee had no control over the manner of performance except as to time and place. Longsdorf, did not contract to perform specific work; it merely supplied a roller and an operator at an hourly rate payable only while the roller was in use or while the operator was directed to remain on the work in the intervals between the actual use of the roller. The county could dismiss the operator for the time being, thus suspending liability for payment to Longsdorf whenever it had no immediate use for the roller. Longsdorf did not have a representative on the job and did not in any manner supervise or direct decedent’s work. The county was in exclusive control of decedent; it had the power to assign him to any of its road pro
 
 *402
 
 jects; it determined not only when and where he should work but also what he should do and how his work was to be performed. The loaned equipment was used not only for rolling the road to a completed finished surface but for scarifying the roadway under the direction of the county foreman, preparatory to grading and the placing of the bed material.
 

 There is sufficient competent evidence to support the finding of the board that claimant’s decedent “was subject to such control by the County of Montgomery of the manner in which he was to perform his work as to be an employee of the County of Montgomery, loaned to it by Paul W. Longsdorf, Inc.” and that finding is decisive of the question. A person, generally a servant of one master, may become the servant of another by contract as a lent servant for the performance of the latter’s work. The controlling test to determine responsibility for a lent servant is, who has control and the right to direct where he is to work and how he is to work.
 
 Thatcher v. Pierce,
 
 281 Pa. 16, 125 A. 302;
 
 Robson v. Martin,
 
 291 Pa. 426, 140 A. 339. Where it is established that the temporary master has control over the work to be done and the manner of doing it, he alone is liable for compensation for the accidental death of a workman.
 
 Persing v. Citizens Traction Co.,
 
 294 Pa. 230, 144 A. 97. These principles have been consistently applied.
 
 Rau v. Wilkes-Barre & E. R. R. Co.,
 
 311 Pa. 510, 167 A. 230;
 
 Venezia v. Phila. Electric Co.,
 
 317 Pa. 557, 177 A. 25;
 
 Laymon v. Herwick,
 
 122 Pa. Superior Ct. 85, 184 A. 557;
 
 Nilsson v. Nepi Brothers,
 
 138 Pa. Superior Ct. 107, 9 A. 2d 912.
 

 The result is unaffected by the fact that Longsdorf Inc. supplied an employee of its selection with the power to substitute another or that decedent did work for Longsdorf when not actually working for the county. That the company paid decedent’s wages and carried Workmen’s Compensation insurance as to him, also is not decisive of the question in view of the board’s find
 
 *403
 
 ing.
 
 Sgattone v.. Mulholland & Gotwals, Inc.,
 
 290 Pa. 341, 138 A. 855. The status of decedent was that of an employee of the county.
 

 The question remains whether the employee at the time of the fatal accident had temporarily withdrawn from the county’s service. On this issue it was incumbent on claimant to show that death occurred while deceased was “actually engaged in the furtherance of the business or affairs of the employer”:
 
 Miller v. Keystone Appl. Inc.,
 
 133 Pa. Superior Ct. 354, 2 A. 2d 508.
 

 Decedent, on October 27, 1938 had been scarifying the roadway with the roller in advance of road scrapers which were removing the loosened material. The highway was kept open to travel and decedent was stopped from time to time so that the road would not be torn up too far in advance of the graders. In these intervals he was directed to remain on the work, to hold himself in readiness to proceed as directed. In the afternoon of that day, during one of these periods while he was still on duty, the county foreman directed Moffett, another county employee, to drive a truck to North Hills Avenue and to bring back a number of red lanterns. Decedent overhearing the conversation, offered to convey Moffett in his automobile for that purpose. Incidentally, he wanted to inspect the work being done by the county on North Hills Avenue, though the inspection was not part of his duty to the county. Since it was unimportant how the lanterns were to be secured the foreman acquiesced in their going together in decedent’s car for the purpose. They were unable to obtain lanterns at North Hills and on the way to another county project on the same mission, they were killed.
 

 In this case there was no break in the continuity of decedent’s employment. It is uncontradicted that by the agreement with Longsdorf, services other than operating the roller could be required of him. That on the fatal mission decedent was regarded by the county as performing its service is indicated, to some extent, by
 
 *404
 
 the fact that the county paid Longsdorf for 9 hours work that day. The lanterns were to be placed on exposed manhole covers for the protection of users of the highway. The procuring of lanterns therefore, was so directly connected with the county’s work as to be a part of the construction in which it was engaged. In assisting in procuring lanterns decedent was furthering the county’s business and for that reason a positive direction to perform this service was not essential to recovery. Permission and acquiescence in decedent’s act during working hours was enough. Injury resulting in death is compensable if “sustained while the employee is engaged in the furtherance of the business or affairs of the employer, whether upon the employer’s premises or elsewhere ......” Workmen’s Compensation Act, §301, 77 PS 411. On the contrary, it must appear that the employer actually ordered, directed or requested the employee to perform the work or take the trip, where an employee is away from his employer’s premises on affairs not connected with the employer’s business.
 
 Gibson v. Blower's Paint Serv.,
 
 140 Pa. Superior Ct. 216, 14 A. 2d 154.
 

 When decedent crossed the railroad tracks he was not on a mission of his own; he was then on his way to another county project in search of lanterns. The fact that he did not return with Moffett from North Hills immediately when the lanterns were not available there does not affect the right of recovery. A slight diversion from instructions to accomplish the end in view does not necessarily cause a break in the employment unless the employee was doing something wholly foreign to his employment.
 
 Dzikowska v. Superior Steel Co.,
 
 259 Pa. 578, 103 A. 351;
 
 Weitz v. Weitz,
 
 136 Pa. Superior Ct. 191, 7 A. 2d 83.
 

 Judgment affirmed.