Ramondo *v.* Ramondo, Appellant.

Argued March 30, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent.)

*John B. Martin,* with him *Joseph Head, Jr., Henry T. Reath* and *Duane, Morris & Heckscher,* for appellants.

*Daniel J. McCauley, Jr.,* for appellee.

OPINION BY RHODES, P. J., July 19, 1951:

The question in this workmen's compensation case is whether claimant when accidentally injured was the servant of Frank Ramondo, the general employer, or of Timothy Gallagher, Inc., the borrowing employer.

Claimant filed a claim petition against both parties. The referee found that claimant was in the employ of the defendant Timothy Gallagher, Inc. (hereafter called Gallagher), at the time of the accident. The Workmen's Compensation Board affirmed the award. On appeal the court of common pleas affirmed the Board and entered judgment on the award. Timothy Gallagher, Inc., and its insurance carrier have appealed.

The Board affirmed the finding of the referee that claimant was an employe and under the supervision of Gallagher at the time of the accident, and further stated that "The right to direct both what work was to be done and the manner in which it was to be done was vested in the Gallagher corporation," which "through its superintendent not only supervised the work performed by the claimant but also had the right to control the manner and means by which the grading was to be accomplished."

On November 18, 1948, claimant, while grading with a bulldozer owned by Gallagher, was severely injured. Gallagher was engaged in the construction of houses at Gladwyne, Pennsylvania. The construction required considerable grading for which three bulldozers were utilized: One belonged to Gallagher and was operated by an employe or employes hired by that corporation; another belonged to and was rented with an operator from DiAngeli Brothers; the third belonged to Frank Ramondo, and was rented to Gallagher with claimant as operator at an hourly rate of $11. Claimant was

hired and his wages were paid on a weekly basis by Frank Ramondo, who also supplied the gas and oil for the operation of his bulldozer. For three weeks prior to the accident claimant had been doing grading work for Gallagher, operating at times each of the three bulldozers. On November 18, 1948, claimant was requested or asked by Gallagher's foreman or superintendent to operate the Gallagher bulldozer. Neither Frank Ramondo nor any employe of Frank Ramondo directed or told claimant what to do in the performance of his work for Gallagher. Claimant's instructions were given by Gallagher's foreman or superintendent, and they told him "what we want done." Claimant testified that they directed him "where and how to grade, and when." They determined the extent and nature of the grading to be done by claimant for the building project; and they supervised and directed the operation of claimant so that his work would conform to the plans and specifications prepared for Gallagher by its architects and engineers. They decided as to the particular equipment claimant was to use. Gallagher's superintendent testified: "Q. Now, some bulldozers were equipped with blades in front and some had a pan in back, is that right? A. That's right. . . . Q. It was up to them [claimant] to decide whether to use a blade in front or a pan in back? A. No, that was up to Mr. Neelon or Mr. Gallagher whether they wanted that pan operated." Claimant had charge of the actual mechanical operation of any bulldozer which he used for Gallagher in its building operation. Gallagher required three bulldozers to do the necessary grading on its property which covered twenty-six acres. Gallagher's supervision and control of claimant were the same as that exercised over the other employes of Gallagher, and only Gallagher's foreman or superintendent directed claimant as to what work he was to do and the manner in which it was to be done.

We find no basis for appellants' contention that the defendant Frank Ramondo, who was never on the Gallagher job, retained sole control over claimant while he was doing grading work on Gallagher's premises, and that consequently Ramondo was the sole employer of the claimant at the time of the accident.

In *McConnell v. Williams*, 361 Pa. 355, 359, 65 A. 2d 243, 245, it was said: "In determining whether a person is the servant of another, the essential test is whether he is subject to the latter's control or right of control with regard not only to the work to be done but also to the manner of performing it: . . . The true criterion is the existence of power to control the employee at the time of the commission of the negligent act: . . . ."

In *Hoffman v. Montgomery County*, 146 Pa. Superior Ct. 399, 402, 22 A. 2d 762, 763, we said: "The controlling test to determine responsibility for a lent servant is, who has control and the right to direct where he is to work and how he is to work. . . . Where it is established that the temporary master has control over the work to be done and the manner of doing it, he alone is liable for compensation for the accidental death of a workman." See, also, *Felten v. Mellott*, 165 Pa. Superior Ct. 229, 232, 67 A. 2d 727; *Robson v. Martin*, 291 Pa. 426, 432, 140 A. 339 (a case having a similar factual situation).

It is clearly established that Gallagher alone directed and controlled claimant as to the place where he worked, when he worked, and the manner of performing the work. The actual mechanical operation of the bulldozer by claimant is not decisive as to his employment, and the fact that he was not actually on Gallagher's payroll is without significance. See *McCall v. Bell Telephone Co.*, 79 Pa. Superior Ct. 505, 507; *Bojarski v. M. F. Howlett, Inc.*, 291 Pa. 485, 490,

140 A. 544. The Board's findings are in conformity with and supported by the testimony.

Appellants rely upon *Pennsylvania Smelting & Refining Co. v. Duffin,* 363 Pa. 564, 70 A. 2d 270. In that case there was no assumption of direction and control by plaintiff over the operator of defendant's crane. It was held that the status of the operator of the crane was not transferred from that of an employe of defendant (general contractor) to that of an employe of plaintiff (borrowing employer). Moreover, in that case this statement appears (page 570 of 363 Pa., page 272 of 70 A. 2d: "It is true, of course, that if the person hiring a truck or machine with its driver or operator interferes with its operation and assumes to direct and control the operator or driver a different conclusion would necessarily follow." In the present case Gallagher not only had the right of control but exercised control over claimant. No one but Gallagher's foreman or superintendent had any authority or control over claimant while working for Gallagher. It is significant that claimant, when injured, was operating the Gallagher bulldozer, and not the one which Frank Ramondo had rented to Gallagher. Obviously, at that time claimant was subject to the direction and control of Gallagher.

Judgment is affirmed.