## Hoffman v. Borough of Lansdale

*Victor Roberts*, for plaintiff.

*Frank R. Ambler*, for defendants.

KNIGHT, P. J., April 10, 1957.—John J. and Horace D. Hoffman, brothers, were members of the Fairmount Volunteer Fire Company of Lansdale. John J. Hoffman was an assistant chief of the fire company.

On March 8, 1956, the Fairmount Volunteer Fire Company, at the request of Chief Gillmer of the North Penn Volunteer Fire Company of North Wales, took three pieces of its apparatus and about 50 of its members to North Wales to assist the North Wales Company in fighting a fire raging in the North Wales High School.

The chief of the Lansdale Company accompanied the machines and men to North Wales.

After the fire was put out, the bodies of John J. Hoffman and Horace D. Hoffman were found in one of the rooms in the fire-damaged building. The men had gas masks on, but death was due to suffocation.

The dependent widows of both brothers filed claim petitions against the Borough of Lansdale and the Borough of North Wales.

The petitions were referred to Referee Costello of district no. 1 who heard both petitions together. The liability and amount of compensation due was not in dispute, and the only question before the referee was whether the brothers were employes of the Borough of Lansdale or the Borough of North Wales when they met their deaths.

The referee found as a fact that the deceased firemen were employes of the Borough of Lansdale and awarded compensation against that borough, but provided in accordance with section 410 of the act that the actual payment should be made by each of defendants pending the final determination as to which of the alleged employers was responsible.

Both boroughs appealed to the Workmen's Compensation Board which sustained the appeal of the Borough of North Wales, but dismissed the appeal of the Borough of Lansdale and affirmed the award of Referee Costello against the Borough of Lansdale.

The Borough of Lansdale then appealed to this court and the case was argued before the court en banc.

The Borough of Lansdale contends that the Hoffmans were lent servants to the Borough of North Wales and that North Wales alone is liable for the compensation arising from their tragic deaths.

In Hoffman v. Montgomery County, 146 Pa. Superior Ct. 399, it was said:

"The controlling test to determine responsibility for a lent servant is, who has control and the right to direct where he is to work and how he is to work."

Applying this test to the facts as found by the compensation authorities establishes the existence of substantial competent and credible evidence to sustain the findings of fact.

Counsel for the Borough of North Wales cites Grazioli v. Marion Heights Borough, 17 Northumb. 16 (1944), a case on all fours with this one. The court held that the injured firemen remained as servants of the visiting fire company. In Nelson v. Borough of Greenville, 181 Pa. Superior Ct. 488 (1956), there was a similar situation with a fire company called to the assistance of a company in a neighboring community. Here again the compensation authorities found as a fact that the deceased was the servant of the visiting company at the time he was injured. This finding was affirmed by the lower court, and its judgment was affirmed by the Superior Court.

Counsel for the Borough of Lansdale has cited Tarr v. Hecla Coal and Coke Co., 265 Pa. 519, in support of his contention. That case can be easily distinguished on its facts from the case at bar. In Tarr v. Hecla Coal and Coke Co., supra, page 522, we find this in the opinion which is relevant to the question before us: " 'The test is whether, in the particular service which he is engaged to perform, he continued subject to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired.' "

There is ample evidence to support the finding of the referee and compensation board that while decedents were under the over all control of the chief of the North Wales Company when they met their deaths, they were under the particular control of their own chief, Leroy B. Rittenhouse.

Counsel for the Borough of Lansdale further contends that if decedents were not loaned employes, they were statutory employes of the Borough of North Wales under section 302(b) of The Workmen's Compensation Act of June 21, 1939, P. L. 566. Counsel argues that the Lansdale Company became a subcontractor of the North Wales Company in the business of fighting fires. We are of the opinion that the relationship of contractor and subcontractor did not exist between the two companies and therefore section 302(b) does not apply.

And now, April 10, 1957, the appeal of the Borough of Lansdale is dismissed, and the decision of the Workmen's Compensation Board affirmed.