## Graham v. Hudson Coal Co.

*Thomas L. Kennedy, Jr.*, for claimant.
*Francis D. Mahon*, for defendant.
*Michael R. Shehadi*, for Commonwealth.

ROBINSON, J., June 2, 1958.—This case arises under The Pennsylvania Occupational Disease Act. The claim of the employe is not involved; he is clearly suffering a total disability due to anthracosilicosis incurred from exposure to a silica hazard while employed in the coal mining industry and is legally entitled to compensation. The controversy, centered about responsibility for the payment of the same, is between the last employer, The Hudson Coal Company, and the Commonwealth of Pennsylvania.

The employer contends that the Commonwealth is alone liable for the payment of the claim under section 301($g$) of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, February 28, 1956, P. L. 1095, sec. 1, 77 PS §1401($g$). The Commonwealth asserts, on the other hand, that it is liable for but 40 percent of the compensation and that The Hudson Coal Company, as the last employer, is responsible for payment of 60 percent of the claim under section 308 of the act, as amended February 28, 1956, P. L. 1095, sec. 1, 77 PS §1408. Simply stated the question for decision is: Should the compensation due claimant be paid entirely by the Commonwealth under section 301 of the act, or does the case come within section 308 which makes the last employer responsible for 60 percent of the claim.

Claimant was employed in the anthracite coal industry by The Hudson Coal Company from 1925 to April 1956. Prior to this employment he worked for the Edmondsly Coal Company in County Durham, England, from 1914 to 1925. During his entire employment in the anthracite coal industry claimant was exposed to a silica hazard. The referee found that because of exposure to a silica hazard claimant is suffering from anthracosilicosis, stage 3, with a secondary right ventricular failure as a result of which he is totally disabled, and that the disease developed to dis-

ablement over a period in excess of five years. He also found that the disability was the result of the "accumulated effect" of all claimant's exposure, by employment, to a silica hazard in the anthracite coal mining industry. The validity of these findings under the evidence is not questioned.

In fixing the responsibility for payment of the award, however, the referee held that by virtue of section 101 of the act he could not consider the cumulative effect of claimant's employment in England from 1914 to 1925, and that therefore the disability resulted entirely from claimant's last exposure to the hazard in Pennsylvania. He directed 40 percent of the award to be paid by the Commonwealth and 60 percent by The Hudson Coal Company.

The workmen's compensation board, on appeal, with one member dissenting, held that claimant's foreign employment in an English mine must be considered in determining whether responsibility rested entirely with the Commonwealth, or should be shared under the statute with the last employer. The board held that the referee was in error in ruling out claimant's foreign employment, modified the findings and held that the Commonwealth alone is liable for the payments.

The Commonwealth contends that section 101 of The Pennsylvania Occupational Disease Act, 77 PS §1201, precludes consideration of the fact of claimant's foreign employment in the matter. It is, of course, true that section 101 expressly provides that the statute applies only to deaths and disabilities caused by occupational disease resulting from employment within the Commonwealth and not to those resulting from employment outside of the State. And it is likewise clear that were the period of claimant's exposure to a silica hazard during his employment in an English coal mine necessary to establish his right to compensation under our act, it could not so be counted. Section 101

applies strictly to deaths and disabilities arising because of occupational disease resulting from Pennsylvania employment only and must be limited under the extent of its language to such cases. But it must also be noted that the statute does not rule out every consideration of the fact of foreign employment.

The finding that claimant was continuously employed by the same employer, The Hudson Coal Company, in the anthracite coal industry in Pennsylvania exposed to a silica hazard for 31 years settled claimant's right to compensation. It was unnecessary to the award that account be taken of claimant's foreign employment. He was clearly a Pennsylvania workman, disabled by an occupational disease incurred in sufficient part by exposure to a silica hazard in Pennsylvania mines. But the learned referee was in error in construing section 101 as preventing consideration of the foreign exposure in determining responsibility for the payment of the award under the provision of section 301(g). We are in accord with the action of the board giving evidential effect to claimant's foreign employment in view of the finding that the disability was the result of the accumulated effect of all his employment.

The Occupational Disease Act, like any other statute, must, of course, be construed to give effect to all of the provisions and where the words are explicit they are not to be disregarded. Statutory provisos are always to be construed to limit rather than extend the operation of the clauses to which they refer. See section 54, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §554.

Responsibility for the payment of an award of compensation due to disability because of an occupational disease is governed by section 301(g) of the act. This provides:

"The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: *And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.* An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, his insurance carrier, if any, and the Commonwealth."

It is clear under the statute that unless disability or death is conclusively proved to be the result of claimant's last exposure no liability for compensation payments can be placed upon the last employer and all compensation must be paid by the Commonwealth. In an issue of payment-responsibility between the Commonwealth and the last employer the burden is upon the former to establish by conclusive proof that claimant was disabled as the result of the last exposure. This provision imposes a heavy burden upon the Commonwealth which, under the findings, it did not meet in this instance. The referee's determination that claimant's disability was the result of the accumulated effect of all of his exposure and employment in the silica hazard in the coal industry precluded imposition

of any liability upon The Hudson Coal Company. There is failure of conclusive proof that disability was due to the last exposure to the hazard. The case turns upon this issue. We are concerned only with proof which the legislature has required to be conclusive. It was competent for the employer to offer evidence of other exposure and it was error to reject it or refuse it weight.

In view of the fact that claimant's disability was due to the accumulated effect of all of his exposure to the hazard, including that of his employment in a foreign mine, it was not conclusively established that disability was the result of the last exposure. Therefore, liability for the payment of the award was properly placed upon the Commonwealth by the workmen's compensation board.

Now, June 2, 1958, the appeal of the Commonwealth from the decision of the workmen's compensation board is dismissed and the action of the board is affirmed. Exception is allowed the Commonwealth.