Kenneth Baughman *v.* Meadville Malleable Iron and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three. Reargued October 31, 1978, before President Judge BOWMAN

and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, DiSalle and Craig. Judges Blatt and Mac-Phail did not participate.

*Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Sam R. Keller,* for appellee, Kenneth Baughman.

*Howard N. Plate,* with him *Plate, Doyle, Hutzelman and Berlin,* for appellee, Meadville Malleable Iron.

Opinion by Judge Rogers, November 30, 1978:

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Crawford County affirming a decision of the Workmen's Compensation Appeal Board directing the Commonwealth to pay the entire amount of an award made to one Kenneth Baughman, pursuant to The Pennsylvania Occupational Disease Act (Act),[1] 77 P.S. §1201 et seq.

---

[1] Act of June 21, 1939, P.L. 566, *as amended.*

The Commonwealth does not challenge Baughman's entitlement to compensation; it says that his employer, Meadville Malleable Iron Company, should bear 60% of the cost. We disagree and affirm.

Baughman was employed by Meadville Malleable Iron Company (Meadville Iron) as a chipper and grinder from 1927 until October 2, 1967 when Meadville Iron merged with Dayton Malleable Iron Company (Dayton Iron). Baughman continued working for Dayton Iron, the surviving corporation of the merger, as a chipper and grinder until November 11, 1972 at which time he became totally disabled from silicosis. The referee ordered that the compensation payable be apportioned 60% against Baughman's employer, Dayton Iron, and 40% against the Commonwealth pursuant to Section 308(a) of the Act, 77 P.S. §1408(a). On appeal, the Workmen's Compensation Appeal Board (Board) affirmed the decision holding that Baughman had suffered a compensable disability but modified the referee's order so as to require that the Commonwealth pay 100% of the award pursuant to Section 301(g) of the Act, 77 P.S. §1401(g). The court below by an able opinion by Judge F. JOSEPH THOMAS affirmed the Board and this appeal by the Commonwealth followed.

Section 308(a) of the Act provides that:

(a) When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, *except as otherwise provided in Subsection (g) of Section 301,* be paid jointly by the employer and the Commonwealth and the employer shall be liable for six-

ty per centum of the compensation due and the Commonwealth forty per centum. (Emphasis added.)

Section 301(g) of the Act states that:

(g) The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: *And provided further, That* in those cases where disability or death is *not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.* An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. . . . (Emphasis added.)

The Commonwealth correctly observes that the provisions of Section 301(g) are applicable only where there has been a showing that a claimant worked for successive, different employers. It argues that the merger of Meadville Iron with Dayton Iron did not create a condition of successive employers and that the usual 60% employer, 40% Commonwealth, apportionment of Section 308(a) should therefore be applied. More specifically, the Commonwealth contends that the claimant held the same job at the same fac-

tory· from the year 1927 until November 11, 1972, when he became disabled, and that a change in Meadville Iron's "corporate structure [on October 2, 1967] does not constitute a change in the claimant's employer." We disagree. As was stated in *Hogg v. Kehoe-Berge Coal Co.*, 174 Pa. Superior Ct. 388, 392-93, 101 A.2d 168, 170 (1953):

> [Section 301(g) of the] Act speaks *only* of *employers,* not the place of employment, and imposes liability upon employers *only* to their own *employes.* Employers and employes stand in the relation of master and servant to each other. Act, supra, §§103, 104, 77 P.S. §§1203, 1204. Only he is· master who has the power to control the physical conduct of another in the performance of his service. Restatement, Agency, §2. Cf. McGorry v. Sterling Supply Corp., 116 Pa. Superior Ct. 563, 176 A. 808; Hoffman v. Montgomery Co., 146 Pa. Superior Ct. 399, 22 A.2d 762; Ramondo v. Ramondo, 169 Pa. Superior Ct. 102, 82 A.2d 40. (Emphasis in original.)

By Section 103 of the Act, 77 P.S. §1203, the word employer is defined to include corporations for profit. Section 907 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended,* 15 P.S. §1907, provides that:

> Upon the merger or consolidation becoming effective, the several corporations parties to the plan of merger or consolidation shall be a single corporation which, in the case of a merger, shall be that corporation designated in the plan or merger as the surviving corporation. . . . *The separate existence of all corporations parties to the plan of merger . . . shall cease, except* that of the surviving corporation, in the case of *a merger. . . .* (Emphasis added.)

The record shows that Dayton Iron survived the merger between it and Meadville Iron, thus terminating Meadville Iron's separate existence as a corporate entity. Baughman's new employer then became Dayton Iron.[2]

The Commonwealth also argues that the second proviso of Section 301(g) imposing liability on the Commonwealth to pay all compensation where disability or death is not conclusively proven to be the result of last exposure imposed on Dayton Iron the burden to prove conclusively that the claimant's disability was *not* the result of his exposure to a hazard in his job at Dayton Iron. We again disagree because we agree that:

In an issue of payment-responsibility [under Section 301(g)] between the Commonwealth and the last employer the burden is upon the [Commonwealth] to establish by conclusive proof that [a] claimant was disabled as the result of the last exposure. This provision im-

---

[2] The Commonwealth also argues that the law governing mergers required Dayton Iron to assume the same duty to pay (*i.e.*, 60%/40%) which was required of Meadville Iron. The argument made is as follows:

[T]he surviving corporation of a merger is subject to all obligations of the merged corporations, absent an agreement to the contrary. Berks County Trust Company v. Kotzen, 326 Pa. 541, 192 A. 638 (1938) [see also Section 907 of the Business Corporation Law, 77 P.S. §1907]. Consequently, when the merger occurred in this case, the surviving corporation assumed the employment contracts entered into by the merged corporations and its workers and thereby assumed the liability for potential or contingent claims for occupational disease benefits arising out of exposure to a silica hazard by the merged corporation's labor force.

The answer to this argument is simply that it is Section 301(g) of The Pennsylvania Occupational Disease Act and not general law governing mergers which defines the Commonwealth's duty to pay the claimant's award in the present case.

poses a heavy burden upon the Commonwealth. . . .

*Graham v. Hudson Coal Co.*, 17 Pa. D. & C. 2d 21, 25, 59 Lackawanna Jurist 121, 126-27 (1958).

Accordingly, we enter the following:

ORDER

AND Now, this 30th day of November, 1978, it is ordered that the order of the Court of Common Pleas of Crawford County upholding the decision of the Workmen's Compensation Appeal Board be and is hereby affirmed.