Fletcher B. Fisher and United States Steel Corporation *v.* Commonwealth of Pennsylvania. United States Steel Corporation, Appellant.

Submitted on briefs, May 11, 1979, to Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*James D. Strader* and *Charles T. Myers*, for appellants.

*Sandra S. Christianson*, Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 10, 1979:

The United States Steel Corporation (U.S. Steel) appeals from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Workmen's Compensation Appeal Board directing the

appellant to pay 60% of an award made to Fletcher B. Fisher (claimant), pursuant to the Pennsylvania Occupational Disease Act (Act).[1] U.S. Steel does not challenge the claimant's entitlement to compensation, but argues that the Commonwealth should pay the entire amount because under the Act the Commonwealth is solely liable for compensation when during the course of the employment that led to the employee's disability he was employed by more than one employer.

The claimant began working at the National Tube Works in April of 1952. During the course of the claimant's nineteen years of employment there, the corporate structure of the corporation by which he was employed underwent several changes because of mergers with U.S. Steel becoming the surviving corporate employer. He worked continuously at the same job site until June 16, 1971. When he subsequently filed a claim petition pursuant to the Act, a referee found that he had been totally disabled as of May 13, 1974, "due to the total and cumulative effect of all his exposure to a silica hazard with his employers." The referee concluded that because the claimant had worked for multiple employers, Section 301(g) of the Act, 77 P.S. §1401(g)[2] required that the Commonwealth be responsible for the payment of benefits.

---

[1] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq.

[2] This section provided:

The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only em-

The Board affirmed this award, but, when the Commonwealth appealed to the court of common pleas that court concluded that an employee at the same physical job site during corporate mergers has not had multiple employers within the meaning of Section 301(g). The Court therefore sustained the appeal and ordered U.S. Steel to bear 60% of the cost of the award. This appeal followed.

We have recently had occasion to address the question of whether or not Section 301(g) is applicable to cases involving corporate mergers. In *Baughman v. Meadville Malleable Iron,* 39 Pa. Commonwealth Ct. 4, 394 A.2d 1058 (1978) we were faced with a situation nearly identical to the one at bar, and we held that for purposes of the application of Section 301(g) a change in corporate structure such as a merger does constitute a change in employers. We stated there:

> More specifically, the Commonwealth contends that the claimant held the same job at the same factory from the year 1927 until November 11, 1972, when he became disabled, and that a change in Meadville Iron's 'corporate structure [on October 2, 1967] does not constitute a change in the claimant's employer.' We disagree. As was stated in Hogg v. Kehoe-Berge Coal Co., 174 Pa. Superior Ct. 388, 392-93, 101 A.2d 168, 170 (1953):

ployer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: And provided further, That in those cases where diability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth. An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, his insurance carrier, if any, and the Commonwealth.

'[Section 301(g) of the] Act speaks *only* of *employers,* not the place of employment, and imposes liability upon employers *only* to their own *employes.* Employers and employes stand in the relation of master and servant to each other. Act, supra, §§103, 104, 77 P.S. §§1203, 1204. Only he is master who has the power to control the physical conduct of another in the performance of his service. Restatement, Agency, §2. Cf. McGorry v. Sterling Supply Corp., 116 Pa. Superior Ct. 563, 176 A. 808; Hoffman v. Montgomery Co., 146 Pa. Superior Ct. 399, 22 A.2d 762; Ramondo v. Ramondo, 169 Pa. Superior Ct. 102, 82 A.2d 40.'. (Emphasis in original.)

39 Pa. Commonwealth Ct. at 7-8, 394 A.2d at 1059-60.

Finding no reason to question our earlier decision, we believe it to be controlling and must therefore reverse the order of the Court below.

Judge DiSalle concurs in result only.

### Order

And Now, this 10th day of September, 1979, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is hereby reversed and the referee's award is reinstated.