507 A.2d 927

Commonwealth of Pennsylvania, Department of Labor and Industry, Appellant *v.* Allegheny Ludlum Industries, Inc. and Alden E. Scott, Sr. (Deceased), Lucille Scott (Widow) and Workmen's Compensation Appeal Board, Appellees.

Argued March 11, 1986, before President Judge CRUMLISH, JR. and Judges ROGERS and COLINS, sitting as a panel of three.

*Paul E. Baker*, with him, *Henry A. Riley*, Assistant Counsel, for appellant.

*Ronald Ganassi, Will, Keisling, Ganassi & McCloskey*, for respondent, Allegheny Ludlum Industries, Inc.

OPINION BY JUDGE ROGERS, April 15, 1986:

The Commonwealth of Pennsylvania, Department of Labor and Industry, appeals from an order of the Court of Common Pleas of Westmoreland County affirming a decision of the Workmen's Compensation Appeal Board (board) directing the Commonwealth to pay the entire amount of an award made to the claimant, Lucille Scott, the widow of Alden E. Scott, Sr., pursuant to The Pennsylvania Occupational Disease Act, (Act), Act of June

21, 1939, P.L. 566, *as amended*, 77 P.S. §§1201-1601.1. The parties have stipulated that they are no longer "continuing to litigate the entitlement of the decedent to benefits under the Occupational Disease Act of 1939 but Defendants are continuing to litigate their respective percentages of liability, if any, under Section 301(g) of the Occupational Disease Act of 1939."

The Commonwealth says, based on Section 308(a) of the Act, 77 P.S. §1408(a), that the decedent's employer, Allegheny Ludlum Industries, Inc., should bear 60% of the cost of the compensation because the decedent did not have more than one employer. We agree with the Commonwealth.

The decedent began working for Allegheny Steel Company in 1936. On August 16, 1938 Allegheny Steel Company effected a corporate merger with Ludlum Steel Company, forming Allegheny Ludlum Steel Corporation, later renamed Allegheny Ludlum Industries, Inc. As we will later demonstrate, the corporation for whom the decedent began work in 1936, Allegheny Steel Company, was the survivor corporation of its merger with Ludlum Steel Company. The decedent remained employed by his first employer through the merger and change of names of the survivor.

On February 23, 1979, the decedent filed a claim petition (properly naming Allegheny Ludlum Industries, Inc. as his employer) under the Pennsylvania Occupational Disease Act, alleging that he was totally disabled from silicosis and pneumoconiosis as a result of his employment in a hazardous occupation having a silica hazard. The decedent died on November 1, 1980, and is survived by the claimant, his widow.

After several proceedings, which we need not discuss, the referee issued a decision in which he found that the decedent was first employed by Allegheny Steel Company in 1936 and that in 1938 he was employed by

Allegheny Ludlum Steel Corporation, the former name of the present Allegheny Ludlum Industries, Inc.

The referee's conclusions of law were to the effect that the decedent was entitled to total disability benefits for pneumoconiosis to be paid by the Commonwealth pursuant to Sections 308(a) and 301(g) of the Act. The board and the court of common pleas affirmed the referee's decision.

Section 308(a) of the Act, *as amended,* 77 P.S. §1408(a), provides that:

> (a) When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, *except as otherwise provided in Subsection(g) of Section 301,* be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum. (Emphasis added.)

Section 301(g) of the Act, *as amended,* 77 P.S. §1401(g), states that:

> (g) The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more

years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: *And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.* An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure....(Emphasis added.)

Our case of *Baughman v. Meadville Malleable Iron,* 39 Pa. Commonwealth Ct. 4, 394 A.2d 1058 (1978), is directly on point, controlling and requires that we reverse the order imposing all of the burden of this award upon the Commonwealth. We observed in *Baughman* that Section 103 of the Act, *as amended,* 77 P.S. §1203, defines the word employer to include corporations for profit and that Section 907 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended,* 15 P.S. §1907, provides that:

Upon the merger or consolidation becoming effective, the several corporations parties to the plan of merger or consolidation shall be a single corporation which, in the case of a merger, shall be that corporation designated in the plan of merger as the surviving corporation.... *The separate existence of all corporations parties to the plan of merger ... shall cease, except,* that of the surviving corporation, in the case of *a merger....* (Emphasis added.)

In *Baughman,* the record showed that Meadville Iron, the claimant's first employer, did not survive the merger between it and Dayton Iron, that the merger terminated Meadville Iron's separate existence as a cor-

porate entity, and that after the merger Dayton Iron became the claimant's new employer.

The Articles of Merger in this case pertinently provide that "[t]he corporate existence of Allegheny Steel Company, the surviving corporation, shall continue under the laws of the Commonwealth of Pennsylvania after the effective date of the merger, but its name shall be Allegheny Ludlum Steel Corporation..." and that "[t]he Articles of Incorporation of Allegheny Steel Company, the surviving corporation, shall be amended so as to read as follows...." The Joint Plan and Agreement of Merger pertinently states that "it is the desire of the parties hereto to merge the Ludlum Company into the Allegheny Company" and Article One of the Joint Plan provides that "Ludlum Company shall be merged into Allegheny Company, the name of which upon and after the effective date of the merger shall be 'Allegheny Ludlum Steel Corporation'." Thus, the record clearly shows that Allegheny Steel Company survived the merger. Since the claimant had only the one employer, the Commonwealth correctly invokes Section 308(a) of the Act, 77 P.S. § 1408(a), which requires that compensation be paid jointly by the employer and the Commonwealth and that the employer be liable for 60% of the compensation due and the Commonwealth 40%.

The hearing judge acknowledged that "[h]ere, the claimant's [sic] employer in 1936 was the surviving corporation of the 1938 merger and accordingly, the master never changed" but wrote that "further examination of the articles of merger reveals that there was extensive amendment to the Articles of Incorporation of Allegheny Steel Company, known after the merger as Allegheny Ludlum Steel Corporation. It is this change in structure which in reality creates the change in corporate structure." We disagree with this analysis. We believe

that the name of the surviving corporation designated in the Articles of Merger by the parties to the merger shall be controlling for purposes of decision of this class of case. It is inappropriate in an occupational disease case for the workmen's compensation appeal board and courts to determine the identity of an employer of an injured employee in circumstances such as these by a study of amendments to the Articles of Incorporation.

Order reversed. The record is remanded to the board with direction to revise the burden of the award consistent with this opinion. Jurisdiction is relinquished.

## ORDER

AND NOW, this 15th day of April, 1986, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed; the record is remanded to the board with direction to revise the burden of the award consistent with this opinion. Jurisdiction is relinquished.